GEORGE W. BATTLES *versus* YORK CO. MUTUAL FIRE INS. CO.

When, by the terms of a policy of insurance, the application in writing of the assured is made part of the policy, such application is as much a part of the contract as though it were incorporated into the policy itself.

In such case, all material statements in the application are warranties.

A want of truth in the application is fatal or not to the insurance, as it happens to be material or immaterial to the risk.

It is the custom of some Insurance Companies to make inquiries of the assured in some form, concerning all matters deemed material to the risk, or which may affect the amount of premium. In such case, he is bound to make a true and full representation concerning all matters brought to his notice.

A representation made to a Mutual Fire Insurance Company, in answer to their questions, by an applicant for insurance, that there is no incumbrance on the property, is material, and, if false, avoids the policy. Nor is the result changed if the incumbrance has been placed upon the property by a party other than the assured.

ON REPORT from *Nisi Prius,* CUTTING, J., presiding.

This was an action of assumpsit upon a policy of insurance, bearing date January 17, 1854. The original application is made a part of the case, and is dated January 14, 1854.

It is admitted that the buildings insured were burned May 14, 1854, and the notice of the loss is dated May 15, 1854.

The writ bears date September 21, 1854.

At the trial, the defendants pleaded the general issue, and filed a brief statement, which makes a part of the case.

It appears by the policy, that the sum of eighteen hundred dollars was insured on the tavern stand and wood-house of the plaintiff, and two hundred dollars on his two stables.

After the evidence was all in, the case was withdrawn from the jury, and continued on report, with a view to have the opinion of the full Court. The case was submitted upon all the testimony legally admissible, with power to enter a nonsuit or default, as the full Court should find the law to be upon the testimony that is admissible, unless the Court should be of opinion that the testimony offered as to damages was admissible, and in that event a new trial was to be granted, for that purpose only.

The case is fully stated in the opinion of the Court.

*F. O. J. Smith* and *S. C. Andrews*, for plaintiff.

1. The case comes up on report, for the Court to order a nonsuit or default, as the law and the facts may require. The case presents no question within the province of a jury to decide. There can be no pretence of any *actual* fraud. The report raises no such question. At most it presents but a question of constructive or legal fraud, which it is for the Court to determine as matter of law.

No facts were withheld at all material, which the plaintiff had not every reason to presume were as well known to the defendants as to himself. Of this nature was the incumbrance complained of. The plaintiff supposed the defendants, through their agent, knew all about it, and had every reason to suppose so; and the insured was not therefore bound to communicate the fact. 1 Phil. on Ins. § 104; *Green & al.* v. *Merchants' Ins. Co.* 10 Pick. 402.

2. This mortgage was not a material fact to be communicated. It was not made by the plaintiff, and he was not bound to disclose incumbrances made by others. *Tyler* v. *The Etna Fire Insurance Co.* 12 Wend. 507; *The Etna Fire Insurance Co.* v. *Tyler,* 16 Wend. 385; 18 Ver. 304.

The phrase " less estate therein," means an estate less than fee simple. R. S., c. 79, § 28; *Howard* v. *Albany Ins. Co.* 3 Denio, 301; 3 Hill, (N. Y. R.) 508; *Bowen* v. *Hingham*

*Mutual Ins. Co.* 18 Pick. 523; *Clark* v. *Ocean Ins. Co.* 16 Pick. 289.

*N. Clifford, J. N. Goodwin* and *Oakes,* for defendants.
The case shows, —

1. A breach of warranty on the part of the assured.

2. Misrepresentation in matters material to the risk.

3. That the incumbrances on the property and premises insured, are not expressed in the application or policy, in compliance with the eleventh section of the charter.

4. An alienation of the property insured, within the meaning of the thirteenth section of the charter.

5. Fraud in the claim made for each loss, within the meaning of the eleventh by-law.

6. False swearing in support of the claim of loss, within the meaning of the eleventh by-law.

7. A fraudulent enlargement of the incumbrance, expressed in the application and policy, and consequent increase of the risk by a change of the circumstances disclosed in the application; contrary to the fourteenth article of the by-laws.

LEGAL POINTS.—1. When the policy contains a clause declaring that the application forms a part of the policy, it thereby becomes a part of the contract, and statements are thereby changed from representations into warranties. *Williams* v. *New England M. F. Ins. Co.,* 31 Maine, 224. "The application in such a case," says TENNEY, J., in *Philbrook* v. *N. E. M. F. Ins. Co.,* 37 Maine, 140, "is to be taken as a part of the contract of insurance, in the same manner it would be, if incorporated into the policy itself." *Burritt* v. *The Saratoga County M. F. Ins. Co.,* 5 Hill, 188; *Jennings* v. *Chenango Co. M. F. Ins. Co.,* 2 Denio, 82; *Smith* v. *Bowditch M. F. Ins. Co.,* 6 Cush. 449; *Houghton & al.* v. *Man. M. F. Ins. Co.,* 8 Met. 120; Angell on F. & L. Ins. § § 146, 147, pp. 175, 178; *Richards & al.* v. *The Protection Ins. Co.,* 30 Maine, 273; 15 Shepl. 252.

2. A representation made to a mutual company, in answer to their question, that there is no incumbrance on the property to be insured, is a material representation, even though the

charter makes no provision for a lien; and if the answer be untrue, it is no matter whether it was given by accident, mistake, or design; the plaintiff cannot be heard to say, that it was not material. *Davenport* v. *N. E. Ins. Co.*, 6 Cush. 340; *Warren* v. *Middlesex M. Assurance Co.*, 21 Conn. 444; 28 Maine, 252; Angell on Ins. § § 188, 189.

It is material for the insurers to know of the incumbrances in reference to the responsibility of the insured, and his ability to meet his engagements with the company; it is material to know who is interested in, or had any title to the estate, but particularly and especially is it material for the defendants to know what interest the plaintiff has in the premises, and whether his estate is incumbered or unincumbered. *Burritt* v. *Saratoga Co. M. F. Ins. Co.*, 5 Hill, 191.

3. When the applicant is called upon to speak by a written interrogatory, he is bound to make a true and full representation concerning all the matters brought to his notice, and any concealment will have a like effect as in a marine risk. *Burritt* v. *The Saratoga Co. M. F. Ins. Co.*, 5 Hill, 192; Angell on F. & L. Ins. § 151, p. 183; *Holmes & als.* v. *Charleston M. F. Ins. Co.*, 10 Met. 211; Angell on Ins. § 177, p. 213, § 187, p. 221.

4. "A misrepresentation or concealment by one party, of a fact specifically inquired about by the other, though not material, will have the same effect in exonorating the latter from the contract, as if the effect had been material, since by making such inquiry he implies that he considers it to be so." 1 Phil. on Ins., (4th ed.) § 542, p. 291; *Dennison* v. *Thomaston M. F. Ins. Co.*, 20 Maine, 125; 5 Hill, 188.

5. Statements in the application, where that is made a part of the policy, of the purpose for which the property insured is to be occupied, and its situation as to other buildings, are warranties, and if untrue, the policy is void, though the variance be not material to the risk. *Jennings* v. *The Chenango M. F. Ins. Co.*, 2 Denio, 81, and cases cited; Ang. on F. & L. Ins., § 187, pp. 321, 322.

6. And the omission to state what is required by the inter-

rogatories, will avoid the policy. Idem, p. 83; *Allen* v. *Fire Ins. Co.* 12 Ver. 366.

A policy of insurance is made void, by either *allegatio falsi* or *suppressio veri.* *Ingraham* v. *So. Car. Ins. Co.* 3 Brev. 522.

7. A warranty must be strictly fulfilled, otherwise the policy is void, and there is no contract. Angell on F. & L. Ins. § 147, p. 179; *Duncan* v. *Sun F. Ins. Co.* 6 Wen. 494, 495; *Glendale Woollen Co.* v. *The Protection Ins. Co.* 21 Conn. 19; 1 Arnould on Ins. § 184, p. 494; *Pawson* v. *Watson,* Cowper, 785; 7 Hill, 122; *Dehan* v. *Hartley,* 1 Term, 343.

8. The prohibition of the thirteenth section of the charter, was intended to restrain subsequent mortgages, as well as other conveyances of the property insured. *Abbott* v. *Hamden M. F. Ins. Co.* 30 Maine, 414; *Adams* v. *The Rockingham M. F. Ins. Co.* 29 Maine, 292.

Nothing is asserted in *Jackson* v. *The Mass. Mut. Fire Ins. Co.* 23 Pick. 418, inconsistent with this view.

The language of the prohibition, in that charter, is far less comprehensive than it is in this charter.

The construction of the prohibitory words adopted in that case, was necessary, in order to give effect to another provision upon the same subject, which last named provision is not to be found in this charter.

The charter of this company was approved March 30, 1852, and it is obvious, we think, from several of its provisions, that it was the intention of the Legislature to prohibit subsequent incumbrances, and to take this charter out of the operation of the doctrine laid down in Massachusetts, in the case above cited.

The eleventh section of the charter provides, that any policy of insurance issued by said company, signed by the president and countersigned by the secretary, shall be deemed valid and binding on said company, in all cases where the assured has a title in fee simple, *unincumbered,* to the building or buildings, or property insured, and to the land covered by said buildings.

Then follows the provision of that section already quoted, that "if the property or premises are incumbered, policies shall be void, unless the true title of the assured, and the *incumbrance* on the same, be expressed therein."

And the twelfth by-law declares, among other things, that the applicant for insurance shall make a true representation of his title and interest in the property on which he requests insurance.

Consequently, an alienation *in any way* was prohibited, and it was provided that in any such case the policy should be void, and be surrendered up to be cancelled. *Dadman Man'f. Co.* v. *Worcester M. F. Ins. Co.* 11 Met. 429.

And this view finds support from the language of the fourteenth by-law, which prohibits any change of the circumstances disclosed in the application, except upon the terms therein specified, and in case of a violation of the by-law, declares that the policy shall be void.

9. It is a part of the contract that in case of loss, the insured shall, as soon as possible, deliver to the secretary of the company, a particular account on oath, of the property lost or damaged, and the value thereof at the time of said loss, and shall state whether he was the sole owner of the same, at the time of said loss; and if it is now, was at the time of its insurance, or has since been incumbered by mortgage or otherwise, the claim shall be forfeited; and it is expressly agreed that if there shall appear any fraud in the claim made for such loss, or false swearing or affirming in support thereof, the claimant shall forfeit all benefit under his policy, except such as the directors see fit to allow.

10. There was fraud in the statement of the loss, and therefore the policy is void.

It is not necessary to cite authorities to confirm the doctrine that a fraud on the part of the insured renders a policy void, especially in a case where it is agreed by the contracting party that such shall be its effect.

11. False swearing also, in any matter required by the contract to be under oath, is equally fatal to the right of the

claimant. It is presumed that a principle so obvious will not be denied. The by-laws are a part of the contract, the applicant having covenanted and agreed to hold himself bound by the Act of incorporation and the by-laws of said company.

12. The whole transaction of the third of February, 1854, was an unmitigated fraud. It will be noticed that the mortgage deed, disclosed in the application, was destroyed, and a new one made and antedated, not only in respect to the time of its execution, but also as to the time of its acknowledgment, and a new note for the sum of two hundred and ninety dollars, was included in it.

13. The witness, Joseph Hutchingson, was not an agent of the company, for any purpose, except to receive applications and transmit them to the company, for the decision of the directors. See charter, § 11; By-laws, art. 7; *Jennings* v. *Chenango County M. F. Ins. Co.*, 2 Denio, 78; *Dawes* v. *North River Ins. Co.* 7 Conn. 462; 1 Phil. on Ins. (4th ed.) § 872, p. 485; *Kennedy* v. *St. L. Co. Ins. Co*, 10 Barb. S. C. 285.

14. The question of damages cannot arise, nor is it of importance if the Court comes to the conclusion that the plaintiff cannot prevail.

15. There is no other rule of damages in an action on a policy of insurance against fire, where the insured building is totally destroyed, except that of indemnity to the assured for his actual loss. *Brinley* v. *The National Ins. Co.* 11 Met. 195; Sedgwick on Damages, 257.

Such being the rule, it is obvious that the parol testimony offered by the defendants should have been admitted.

16. The valuation in a policy against fire is rather the fixing of a maximum, beyond which the underwriters are not to be liable, than a conclusive ascertainment of the value. Angell on F. and L. Ins. § 253, p. 274.

Some few exceptions exist to this rule; as for example, it is said that policies on rents or profits always are, and must necessarily be, valued policies. *Mumford* v. *Hallett*, 1 Johns. 433; *Cushman* v. *North Western Ins. Co.* 34 Maine, 487.

Policies against fire are taken to be open ones, unless oth-

erwise expressed. 3 Kent's Com. 375, note a; 2 Phil. on Ins. § § 1211, 1213.

The facts being undisputed, it is a question of law whether the defence shall prevail or whether the plaintiff shall recover. 22 Maine, 256; 11 Mee. & Welsby, 217, opinion by ALDERSON, J.; 10 Maine, 472; 18 Pick. 421; 6 Met. 295.

*Smith,* in reply.

We insist there is no question of actual fraud raised. That is all settled by the report. It leaves open only a question of constructive fraud, and we maintain that none such is made out. Suppose the plaintiff had stated all the facts in regard to the mortgages, would the company have refused to insure him? Not at all.

The law set up by the counsel in defence is sound; we do not question it; we raise no issue with them upon that point; but we say that law is not applicable to this case. No facts are presented upon which that law can rest or to which it can be applied.

RICE, J. — Section 11, of the defendants' charter, reads as follows: — "Said company may make insurance for any term not exceeding six years; and any policy of insurance issued by said company, signed by the president, and countersigned by the secretary, shall be deemed valid and binding on said company in all cases where the assured had a title in fee simple, unincumbered, to the building, buildings or property insured, and to the land covered by said buildings; but if the assured has a less estate therein, or if the property or premises are incumbered, policies shall be void, unless the true title of the assured and the incumbrances on the same, are expressed therein." By the terms of the policy, the application, which is in writing and signed by the plaintiff, is made part of the policy; and such application is to be taken as part of the contract of insurance, in the same manner it would be if incorporated into the policy itself. *Philbrook* v. *New England M. F. Ins. Co.* 37 Maine, 137; *Williams* v. *same,* 31 Maine, 219. In such case, all the material statements in

such application are changed from representations into warranties. *Burritt* v. *The Saratoga Co. M. F. Ins. Co.* 5 Hill, 188; 31 Maine, 219.

The 7th section of the defendants' charter, gives them a lien upon the property insured, for the sum of the deposit note and the cost which may occur in collecting the same, which lien continues during the existence of the policy and the liability of the assured therein, notwithstanding any transfer or alienation.

The 11th interrogatory in the plaintiff's application is as follows:—" Is the property incumbered? If so, how much, and to whom?" The answer is, "mortgaged for $1100 to Wm. Cressey."

A want of truth in a representation is fatal or not to the insurance, as it happens to be material or immaterial to the risk undertaken; but when the thing is warranted to be of a particular nature or description, it must be exactly as it is represented to be, otherwise the policy will be void, and there is no contract. Angell on Ins. § 147.

It is sometimes the practice of companies, who insure against fire, to make inquiries of the assured, in some form, concerning all matters which are deemed material to the risk, or which may affect the amount of premium to be paid. This is sometimes done by conditions annexed to the policy, and sometimes by requiring the applicant to state particular facts, in a written application for insurance. When thus called upon to speak, he is bound to make a true and full representation concerning all matters brought to his notice. *Burritt* v. *Saratoga Co. M. F. Ins. Co.*, 5 Hill, 188.

A warranty by the assured in relation to the existence of a particular fact, must be strictly true, or the policy will not take effect; and this is so whether the thing warranted be material or not. It would be more proper to say that the parties have agreed to the materiality of the thing warranted, and that agreement precludes all inquiry on that subject. 5 Hill, 188.

If the application contain an interrogatory whose aim is to

ascertain whether there be an incumbrance on the property proposed to be insured, and the answer do not disclose the extent of that incumbrance, the policy will be void. *Leohner* v. *Home Mutual Ins. Co.*, 2 Bennett, 247.

The insured must represent truly his interest in the property insured or his policy will be void. *Brown* v. *Williams & Thomaston M. F. Ins. Co., Trustees*, 28 Maine, 252.

A representation made to a mutual fire insurance company, in answer to their questions, by one applying for insurance on a building against fire, that there is no incumbrance thereon, is a material representation, which if false avoids the policy, although the company be established by the laws of another State, and may not therefore have a lien on the property insured. *Davenport* v. *New England M. F. Ins. Co.* 6 Cush. 340; *Packard & al.* v. *Agawam M. F. Ins. Co.* 2 Gray, 334.

Nor is the result changed if the incumbrance has been placed upon the property by a party other than the assured. *Warren* v. *Middlesex Mutual Assurance Co.* 21 Con. 444.

The case finds, that at the time of the application the property insured was not only encumbered by the mortgage to Cressey, disclosed by the plaintiff, but was also under mortgage to Sydenham Bridgham for twelve hundred dollars, which fact was well known to the plaintiff.

But it is contended that the existence of the Bridgham mortgage is wholly immaterial, as Cressey had agreed to apply the payments from the plaintiff, as fast as made, to the extinguishment of the Bridgham mortgage, and had actually left the plaintiff's notes and mortgage in the hands of the witness Andrews, for that purpose. We think this answer cannot avail, because the mortgage of the plaintiff to Cressey was not so large by one hundred dollars as was the mortgage from Cressey to Bridgham, so that, if it had been duly assigned and appropriated in payment, it would not have discharged the Bridgham mortgage by one hundred dollars.

Should it be suggested that the Cressey mortgage, as subsequently enlarged, was sufficient to pay the Bridgham mortgage, the answer is, that increase was made in fraud of the

rights of the defendants, who occupy the condition of subsequent purchasers, or encumbrancers, and against whom that *increase* is absolutely void, if indeed it would not, of itself, avoid the policy.

At the argument much stress was laid upon the fact, that in the offer by the defendants' counsel to prove that the property was over valued, for the purpose of reducing the damages, should the plaintiff be entitled to recover, they did not contend that there was any actual fraud, but insisted that the facts show a legal fraud. This proposition was confined to the question of damages, and cannot in any way affect the questions which have already been considered.

From these considerations, being of the opinion that the action cannot be maintained, it becomes immaterial to examine the rule of damages laid down by the presiding Judge, or to determine whether the evidence upon that point was admissible or otherwise.                    *A nonsuit must be entered.*

TENNEY, C. J., and HATHAWAY, CUTTING, and GOODENOW, J. J., concurred.