### ENOCH RICHARDSON *versus* MAINE INSURANCE COMPANY.

A., by letter, applied to B., who was agent of an Insurance Company, for insurance. Thereupon B. filled out an application, which contained a statement that there was "no mortgage," on the property to be insured, and signed the name of A. to it, without his knowledge. A policy was issued, referring to the application as part of the policy, which was accepted by A. — *Held*, that, by accepting the policy, the plaintiff covenanted and engaged that the application contained a just, full and true statement in regard to the condition of the insured property, and that he thereby ratified the application. — *Held*, that the company were not bound by the letter from the assured to their agent. —

*Held*, that the representation that there was no mortgage on the property, was material, though the company had no lien on the real estate mortgaged.

Parties to all contracts in writing, are supposed to have the intentions which are clearly manifested by the terms thereof.

ON REPORT.

THIS was an action brought on a policy of insurance issued by the defendants. All the essential facts in the case are stated in the opinion of the Court.

*Geo. Walker*, for plaintiff, contended, —

1. The only application made by the plaintiff, was by his letter to the agent, and he was not bound by the application signed for him by the agent, without his knowledge.

2. The statement that there was "no mortgage," though untrue, was not an essential misrepresentation. *Strong* v. *Manufacturing Ins. Co.*, 10 Pick., 40; *Curry* v. *Com. Ins. Co.* 10 Pick., 535.

3. The plaintiff, by accepting the policy, only covenants that the application contains a true statement of "the condition, situation, value and risk of the property insured." There is no covenant as to title.

*Cross & Topliff*, for defendants.

The policy refers to the application as a part of the contract to be taken in connection with the policy, therefore the application is a warranty. *Farmer's Ins. and Loan Co.* v.

Richardson *v.* Maine Insurance Company.

*Snyder,* 16 Wend., 481; *Wall* v. *Howard Ins. Co.,* 14 Barb., S. C., 383; *Burritt* v. *Saratoga Co. Mutual Ins. Co.,* 5 Hill, 188; *Egan* v. *Mutual Ins. Co.,* 5 Denio, 326; *Fowlers & al.* v. *Etna Ins. Co.,* 6 Cowen, 673; *Williams* v. *N. E. Fire Ins. Co.,* 31 Maine, 219; *Kennedy* v. *The St. Lawrence County Mutual Ins. Co.,* 10 Barb. 285; *N. Y. Central Ins. Co.* v. *National Protective Ins. Co.,* 20 Barb. 468.

If the warranty is not complied with in all particulars, the insurer is discharged. *Kennedy* v. *the St. Lawrence County Mutual Ins. Co.,* 10 Barb., 285; *Farmer's Ins. and Loan Co.* v. *Snyder,* 15 Wend., 481; *DeHayn* v. *Hartly,* cited 2 Denio, 81.

In the case, *Marshall* v. *the Columbian Ins. Co.,* 7 Foster, 157, relied on by the plaintiff, the point, whether the company were chargeable with the knowledge of their agent, was not a point in the case, and is a mere *dictum.* On this point we ask the attention of the Court to the following—" The rule which prevails upon sales of property, that a warranty does not extend to defects known to the purchaser, does not apply to warranties contained in policies of insurance." *Kennedy* v. *St. Lawrence County Mut. Ins. Co.,* 10 Barb., 285; *Jennings* v. *Chenango Ins. Co.,* 2 Denio, 75.

If there be in the policy a warranty, which is broken, the fact that the agent of the insurance company drew the application, and knew of the defect, is immaterial. *Kennedy* v. *St. Lawrence County Mut. Ins. Co.,* 10 Barb., 285; *Jennings* v. *Chenango Ins. Co.,* 2 Denio, 75; Marshall on Ins., 347.

The case, *Masters* v. *Madison County Ins. Co.,* 11 Barb., 624, cited by plaintiff, is directly opposed to *Kennedy* v. *St. Lawrence County Mut. Ins. Co.,* 10 Barb., 285. And the decisions in the *Bank of the U. S.* v. *Davis,* 2 Hill, 453, and *N. Y. Central Ins. Co.* v. *National Ins. Co.,* 29 Barb. 468, hold that official knowledge of the agent is necessary to charge the company.

The plaintiff cannot compel the company to pay, on the ground that the provisions of the by-laws refer only to buildings, not to personal property. The application states, that " the same description should be given of the building con-

taining the personal property, as if insurance is wanted on the building itself." A building *per se* is personal property. A warranty in a policy of insurance, as to position, &c., extends to the goods in the building described. *Kennedy* v. *St. Lawrence County Mut. Ins. Co.*, 10 Barb., 285; *Wilson* v. *Herkimer County Mut. Co.*, 2 Seld., 53. The company do not take advantage of their own wrong, but resist an attempt of the plaintiff to take advantage of his own wrong. The company did not, in this case, waive its by-laws, but were deceived into their violation by the falsehood of the applicant.

*Bion Bradbury,* in reply, for the plaintiff.

*Williams & Cutler,* in reply, for the defendants.

The opinion of the Court was drawn by

TENNEY, C. J. — Israel Cox was the agent of the Maine Insurance Company, in soliciting applications for insurance. In the month of August, in the year 1855, he was at the plaintiff's place of business in Jonesborough, and viewed his store and took some admeasurements, and represented to him that he was ready to obtain insurance on his buildings, &c., but at that time no application was made by the plaintiff.

On Sept. 25, 1855, the plaintiff wrote to Cox, requesting him to obtain, in some good stock insurance company, insurance on his store and goods, and on another building standing upon his land, in which he stored some merchandise. A policy was obtained by Cox from the Maine Insurance Company, insuring against loss by fire, for one year from Oct. 3, 1855, the property referred to in the letter; and on Oct. 6, 1855, Cox sent the policy to the plaintiff. The buildings and the greater part of the goods insured were destroyed by fire on Nov. 29, 1855. The defendants deny their liability, because in the application annexed to the policy, which has the name of the plaintiff as the applicant, signed by Cox, to a part of the seventh interrogatory, whether there was any mortgage upon the property, it is answered, "No mortgage"; and it is admitted that there was an outstanding mortgage upon the

land on which the buildings stood, and upon which was due the sum of two hundred dollars.

The policy contains the following language:—"This policy is made and accepted in reference to the application for it and to the conditions herein annexed, which are hereby made a part of the contract, and are to be resorted to in order to ascertain and determine the rights and obligations of the parties hereto, in all cases not herein otherwise expressly provided for. And the assured, by his acceptance of this policy, covenants and engages that the said application contains a just, full and true statement of all the facts and circumstances in regard to the condition, situation, value and risk of the property insured, and that if any fact or circumstance shall not have been fairly represented, the risk taken by this company shall cease and this policy shall be void."

The plaintiff treats the application in his letter of Sept. 25, 1855, as the only one in the case which can affect him, and says the denial of the existence of a mortgage upon the property is not *his* denial.

It is not improbable that the answer to the seventh interrogatory in the application, which is annexed to the policy, was not noticed by the plaintiff when he received it from Cox. But as he received the policy, paid the premium, and has instituted the present suit, he must be regarded as having received and accepted the policy as it issued from the company. If he did not so receive and accept it, he has no ground of action thereupon.

By the acceptance of the policy, according to the terms just quoted, the plaintiff covenanted and engaged that the application contained a just, full and true statement, &c., in regard to the condition, &c. He must, therefore, have ratified the acts of Cox, in affixing his signature to the application, and in the answers to the several interrogatories therein, and the same are to have the effect they would have if the signature was made with his own hand.

The question is not so much what the plaintiff stated or represented, in his letter to Cox, of Sept. 25, 1855, but upon

what representations, statements and denials, and warranties the insurance was made by the company. It does not appear, that the directors of the company had any knowledge of this letter, and the policy could not have issued upon the facts therein stated alone.

It is true, Cox, the agent of the company, knew all which was contained in the letter, but the policy, which is the sole basis of the present action, from its terms, was not executed upon the application contained in that letter, and the company cannot be holden, as they might be, if the letter was referred to as containing the statements, &c., as a part of the contract.

The policy is countersigned by Cox, as the agent of the company, after the execution thereof by the president and secretary, in obedience to a provision, that the same may become binding upon the parties. But such countersigning cannot alone make the policy effectual, as issued upon the application in the plaintiff's letter to Cox, of September 25, 1855. *Lowell* v. *Mid. M. F. Ins. Co.*, 8 Cush. 127.

But it is insisted, in behalf of the plaintiff, that the erroneous answer to the seventh interrogatory in the application, is entirely immaterial, in a stock company, which has no lien upon the real estate, upon which the property insured is situated. In *Davenport* v. *Mutual Fire Ins. Co.*, 6 Cush., 340, the Court held, that a similar representation, in an application for insurance, was clearly material, irrespective of the lien. And the doctrine of this case is affirmed in the case of *Packard* v. *Agawam M. F. Ins. Co.*, 2 Gray, 334.

Parties to all contracts in writing, are supposed to have the intentions which are clearly manifested by the terms thereof. And when one party is bound, only by a compliance, by the other, with certain conditions expressed, and those conditions are not complied with, the former party cannot be by law holden. In the case before us, the conditions, &c., make a part of the contract. They are free from ambiguity and doubt. A statement in the application, which is one of the conditions, is not in fact true, though no moral wrong is imputed to the plaintiff. The Court cannot withdraw this

statement from its consideration. The parties have made it essential; and to disregard it would be the substitution of another contract for that made by the parties.

Again, it is contended for the plaintiff that, upon the construction claimed for the company, the " condition, situation, value and risk" of the property insured could have had no reference to the outstanding mortgage. The store and the barn were covered by the mortgage. The company deemed it important to know every thing which the questions in the application were suited to elicit. Whether there was a mortgage upon the property, upon which the insurance was sought, was one of these important questions. This question had a relation to this property. And it cannot be denied that this question had some reference to the condition and situation of the property, touching the title thereto, and that the value of the insurable interest of the plaintiff, and the risk of the insurers was essentially involved.

The risk of the company was to cease, and the policy was to be void, if any fact or circumstance had not been fairly represented. The contract contained no provision that the risk should continue in relation to that portion of property insured, concerning which no misrepresentation had been made in the application, but it was entire, and the risk was to cease and the policy to be without effect, on the discovery of the existence of such facts or circumstances. *Brown* v. *People's M. F. Ins. Co.*, 11 Cush., 280.

According to the agreement of the parties, the plaintiff is to become                                           *Nonsuit.*

APPLETON, CUTTING, MAY, and DAVIS, J. J., concurred.