# N. Y. SUPERIOR COURT.

ALBERT H. WRIGHT agt. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES and WILHELMINA D. SCHOTT.

The answers made by a person seeking to have his life insured constitute warranties, and must be substantially true, or the policy will be void.

*Special Term, June* 17, 1875.

*Argued December,* 1875.

THE action was brought upon a policy of insurance upon the life of George Schott, dated the 2d day of April, 1868, to recover $20,000, the amount insured. The application for the insurance was dated the 31st of March, 1868.

The policy was issued on the application and was assigned by Schott to the plaintiff at the time it was issued, delivered to the company, and recorded on its books.

After the commencement of the action Wilhelmina D. Schott, widow of George Schott, and administratrix of the goods and chattels of his estate, claimed that she, as such administratrix, was entitled to receive the amount for which her husband's life was insured, subject to some comparatively small claims, and was made a party defendant, pursuant to an order of the court.

She appeared and put in her answer setting forth her right in the premises, charging that the plaintiff had fraudulently and corruptly contrived to deprive her of her just claims, and denies that the plaintiff has or ever had any right to said

policy or the amount thereof, excepting certain premiums paid by him, and she also claims judgment against the company defendant for said policy on the amount thereof.

The policy was issued and accepted by the assured upon certain conditions and agreements, among which were the following:

"If the declarations made in the application for the policy, or any statement respecting the person or family of the person whose life is hereby assured submitted by such person to this society, and upon the faith of which declarations or statements this policy is issued, should be found in any respect untrue, then in every such case this policy shall be null and void."

After the questions and answers the application contained the following:

"It is hereby declared that the above are fair and true answers to the foregoing questions, and it is acknowledged and agreed by the undersigned that the above statements shall form the basis of the contract for assurance; and, also, that any untrue or fraudulent answers, any suppression of facts in regard to the person's health, or neglect to pay the premiums on or before the day it becomes due, will render the policy null and void and forfeit all payments made thereon."

This application was signed by George Schott as the person whose life was insured, and for whose benefit the policy was made.

It was found by the inquisition on view of the body of George Schott that he came to his death by fatty degeneration of the heart. It appears from the inquisition that he had suffered from chronic inflammation of the bladder and of the large intestines, especially the rectum, producing constipation, followed by a severe diarrhœa. That he retired to his bed very feeble on the evening of the 2d of June, 1870, in which he was found dead on the following morning.

*L. B. Bunnell,* attorney for plaintiff; *Geo. W. Cotterill,* of counsel.

*Henry Day,* attorney for defendants; *D. D. Lord,* of counsel.

SPEIR, *J.* — The main question to be considered is whether the statements contained in the application on which the policy was issued were absolute warranties or mere represen- tations. I think it is clear that both parties intended that the policy and the application as proposed should constitute the contract between them. The language in the conditions of the policy expressly states that the policy is issued upon the faith of the declaration and statements of the assured, and if found in any respects untrue, the policy shall be null and void. In the application it is also expressly declared, at the foot of the answers and questions signed by the applicant, acknowledged and agreed to by him, that the above state- ments shall form the basis of the contract of assurance; and that any untrue or fraudulent answers, any suppression of facts, &c., will render the policy null and void, and forfeit all payments made thereon. According to well established rules, the policy and the application must be construed as embracing a single instrument or contract. The statements by the assured, contained in the policy, by being written thereon in reply to the interrogatories, by reference to the proposal, become warranties, and must be substantially true, or the policy will be void (1 *Phillips on Ins., sec.* 892; *Angel on Ins., sec.* 141; *Anderson* agt. *Fitzgerald,* 4 *House of Lords Cases,* 484; *Foot* agt. *Ætna Life Ins. Co., reported in vol.* 4 *No.* 4, *Insurance Law Journal, p.* 260, *April,* 1875, EARL, *commissioner*). The parties to insurance contracts have the right to make their own bargains, and if they make the rep- resentations and statements material by inserting them, they alone are the judges of their materiality; nor does it matter whether the party made the untrue statements innocently,

believing them to be true ( *Vose* agt. *Eagle Life and Health Ins. Co.*, 6 *Cush.*, 42). Among the conditions on which the policy is issued was, that if the declarations made in the application, or any statements on which it was issued, should be found in any respect untrue, then the policy should be null and void. If, therefore, we should consider that Dr. Pape, or Dr. Macfarlan, under whose advice as medical examiners or as family physicians, the policy was issued, as acting for the company, the fact that they or either of them, had at the time knowledge of Schott's prior condition, obtained before, when not acting for the company, it is of no import-- ance as affecting the company's liability. The parties must stand by the answers contained in the contract. It is enough that the representations are warranties, and untrue in fact, to vitiate the policy (*See Baker* agt. *Home Life Ins. Co.*, in *Insurance Law Journal, supra, p.* 315).

The case of *Jeffries, admr.*, agt. *Life Insurance Company,* supreme court of the United States, October term, 1874, contains clauses in the policy and application almost identical with the case before me. Mr. justice HUNT in that case says : "The proposition at the foundation of this point is this : that statements and declarations made in the policy shall be true. This stipulation is not expressed to be made as to important or material statements only, or to those supposed to be material, but as to all statements. The statements need not come up to the degree of warranties. * * * A faithful performance of the agreement is made an express condition to the existence of a liability on the part of the company."

Where false answers are made to inquiries which do not relate to the risk, the policy is not necessarily avoided, unless the mind of the company is influenced by them. But that is not the case where it is expressly covenanted, as a condition of liability, that the statements and declarations made in the application are true, and where the truth of such statements forms the basis of the contract.

Under this view of the contract it will only be necessary to

show that some of the statements were untrue, in fact, in order to sustain the defense. Among the questions and answers in writing, which constituted a part of the application, were the following questions, numbered as follows: No. 8. Is the person's life now insured and if so for how much? Answer. Yes; in the Guardian for $10,000. This was untrue. It was uncontradicted that his life was then insured by other policies than that of the Guardian Insurance Company for $10,000, viz.: In the Knickerbocker Company for $15,000, and in the Ætna for $10,000. It is claimed by the plaintiff's counsel that he answered correctly. He says if the company desired any further information they should have asked him "if he was insured in other companies." The question called not only for an answer as to insurance generally, but the specific amount of insurance. In that respect it was clearly untrue. No. 17. Has the person had any serious illness, local disease or personal injury, and if so of what nature? Answer. No; except slight fracture of the leg, about twenty years ago. This the assured answered by a simple and unqualified negative excepting the personal injury of a fractured leg twenty years prior to the time of his answer. The evidence seems to me to be conclusively established that the applicant had been suffering for a long time prior to the time of his application with a serious illness, and that the disease was local. The defendant, Mrs. Schott, and wife of the applicant, states "he had been ailing for fifteen years. The whole trouble seemed to be in his bowels, for which complaint he had consulted several physicians, and though attending to business hardly able to." If any thing can be proved as a matter of medical science I think it is established that he had some chronic disease of the bowels, which manifested itself by alternate attacks of diarrhœa and constipation. The evidence is pretty clear to show that Schott had also had severe illness known as stricture of the rectum, chronic irritability of the mucous lining of the large intestines, especially of the rectum. As to some of these diseases, however, there may be

some question of fact as to their specific character and technical definition, but there seems to be no room for doubt that he had been afflicted for many years with disease of the bowels, and that his constitution had been seriously impaired by such disease. It is very difficult to believe, from all the evidence in the case, that Schott "was in all respects a first-class healthy risk," on which the issue of a policy was recommended. This being so, and the answer to the above questions being shown to be untrue by the express terms of the agreement in the application and of the policy itself, the company is not liable for the amount insured, or any part thereof.

There must be judgment for the defendant, The Equitable Life Insurance Society of the United States.