[Filed May 8, 1888.]

G.  R.  CHRISMAN,  RESPONDENT,  v.  THE  STATE INSURANCE COMPANY, APPELLANT.

FIRE INSURANCE—INTEREST OF INSURED.—The insured must have an insurable interest in the property both at the time the insurance is effected and at the time of the loss.

PLEADINGS—PLAINTIFF'S INTEREST IN PROPERTY INSURED.—The plaintiff's interest in the property insured being one of the essential facts upon which his right of recovery depends, in an action founded on a policy against damage by fire, such interest must be alleged in the complaint.

POLICY—INTEREST OF THIRD PARTY.—Where a policy is issued to one party and assigned to another, who has succeeded to the interest in the property covered by the policy, and in consenting to such assignment the company agrees that the "loss, if any, shall be payable to C., mortgagee, as his interest may appear," in an action on the policy by C.; held, that the action might be sustained in his name, but the complaint must make his interest appear.

APPLICATION—POLICY.—Where an application for insurance is referred to in the policy as the basis of the contract, and it is agreed that it shall be deemed and taken as a part of the policy and as a warranty on the part of the assured, both the application and policy are to be construed together as one entire contract.

POLICY — TERMS OF. — The statement in a policy which makes an application a part of it, and which contains various warranties on the part of the assured, the further statement therein that any false or untrue answers or statements material to the hazard of the risk shall render this policy void does not defeat, qualify, or limit the express warranties contained in the policy.

APPLICATION — FAILURE TO ANSWER QUESTIONS TRULY OR TO MAKE KNOWN EXPOSURES. — Where the applicant agrees in his application that if it does not truly answer the following interrogatories, and correctly describe, state, and make known the proper value, the title, the location, the *exposures*, the occupancy, the liens and encumbrances thereon, then the said policy should be void. The answers made by the assured to the questions are express warranties, and if they are untrue no recovery can be had upon the policy.

CONTRACT — CONSTRUCTION. — In construing a written contract it is the duty of the court to so construe it, if possible, that every word shall have its appropriate and proper force and effect, and in such manner that no part of it shall be ineffectual.

WARRANTY — REPRESENTATION. — The distinction between a warranty and a representation is that a warranty must be true, while a representation must be true only so far as it is material to the risk, and it is material when a knowledge of the truth would have induced the insurers to have refused the risk or to have charged a higher rate of premium.

APPEAL from Lane County.    Reversed.

*R. Williams,* for Appellant.

*George W. Washburne,* and *L. Bilyeu,* for Respondent.

STRAHAN, J. — This is an action against the defendant corporation on a policy of insurance issued to one George H. Stansbury, insuring him against loss by fire, which policy covered a dwelling-house, granary, and barn, of which the insured was then the owner; and it is alleged that said buildings were totally destroyed by fire on the thirtieth day of October, 1886, and that the loss had been adjusted at $1,616.30, and had not been paid. It is also alleged that after said policy was issued the said George H. Stansbury sold and duly conveyed the buildings thereon insured to John A. Lawrence, and at the same time assigned and delivered to said Lawrence said policy, with the written consent of the defendant indorsed thereon.    Proof of the loss is also alleged, and that plaintiff is the owner and holder of said policy as appears by said exhibit "A," which is a copy of the policy.

The answer contains a denial of most of the material allegations of the complaint, but the issuance of the policy to Stansbury is admitted.    The answer then alleges, by way of a further

and separate defense, that the policy of insurance in the complaint mentioned was issued and delivered upon the written application of G. H. Stansbury. That said application contained, among other things, the following provisions, questions, and answers, to wit:—

"The applicant agrees that all valuations are made by the said applicant, and that the company is not to pay in case of loss to exceed three fourths of the actual cash value of any building; that if this application does not truly answer the following interrogatories, and correctly describe, state, and make known the property value, the title, the location, the exposures, the occupancy, the liens and encumbrances thereon, or if any misrepresentations or omissions to make known any and all facts material to the risk herein, then the said policy shall, in either event, be null and void."

"Question 22. Are there any buildings, railroads, tracts, or exposures (except wood-shed and privy), within one hundred feet of the risk on which insurance is desired?

"Answer. No.

"Q. 23. If so, give the size, number of stories, and occupancy of such buildings or exposures, and the distance and the relative position from said risk on the back thereof; and where more than one building is embraced in this application for insurance, locate the number of each on such diagram and mark the distance between each in feet.

"Q. 24. Is such diagram strictly correct?

"A. Yes.

"Q. 25. How many acres in your farm where the above building stands?

"A. Three hundred and five.

"Q. 27. Are you the sole and undisputed owner of said land and the property to be insured?

"A. Yes.

"Q. 30. Is any of such land or buildings encumbered with mortgage, judgment, unpaid amount on bond or contract to purchase, mechanic's lien, or otherwise?

"A. Yes.

"Q. 31.  If so, what is the nature of the encumbrances?

"A.  Mortgage.

"Q.  And to what amount?

"A.  Four thousand dollars."

"That said Stansbury did not in his application state or inform the defendant of the existence of any lien or encumbrance upon said premises except the mortgage above stated, nor in any respect of said lien, nor concerning the number of acres contained in said land, nor concerning the title thereto, nor in respect to buildings within one hundred feet of the risk, nor truly answered said questions, and in and upon the back of said application marked the distance between the said house and barn to be two hundred and fifty feet, whereas in fact said distance is only two hundred and ten feet, and did not mark or indicate on said diagram a house twenty-four feet wide by thirty-five feet long, which was then used as a workshop and store-house, which then stood on said land between said house and barn, which said last-mentioned house and barn were marked and indicated on said diagram, and said workshop and store-house greatly increased the risk in said policy mentioned. . . . . That in and by the terms of said application, said Stansbury agreed that said answers so made to the questions therein contained were true, and said diagram strictly correct, and a warranty on the part of the assured."

The policy contained the following provisions: "That the basis of this contract is the said application and obligation, which shall be deemed and taken as a part of this policy, and as a warranty on the part of the assured; and any false or untrue answers or statements therein material to the hazard of the risk shall render this policy null and void.  This contract of insurance is wholly embraced in such application and obligation of the insured and this policy."

The answer further alleges, in substance, that at the time said policy was issued and delivered, there was within one hundred feet of the barn mentioned in the complaint, two houses, one a log cabin about fifty feet distant from said barn, which cabin was about fourteen by eighteen feet, and the other a chicken-house and store shed about forty feet distant therefrom.

On the 18th of October, 1886, the defendant caused the following indorsements to be made on said policy:—

"SALEM, OREGON, October 18, 1886.

"It is understood that the first mortgage given by G. H. Stansbury to G. R. Chrisman has been paid, and that a new mortgage for four thousand dollars has been given to G. R. Chrisman by John A. Lawrence, to whom this policy is assigned. Loss, if any, therefore, made payable to G. R. Chrisman, mortgagee, as his interest may appear, subject to all the conditions of this policy.

"H. W. COTTLE, Secretary."

The policy declared on also contains this clause: "Loss, if any, payable to G. R. Chrisman, mortgagee, as his interest may appear." The policy also contained this further provision: "Application and survey No. 7072 made by the assured and said note are hereby made part of this policy, and a *warranty on the part of the assured.*"

The policy bound the company to make good unto the assured, his executors and administrators, all such immediate loss or damage not exceeding in amount the sum or sums insured, *nor the interest of the assured in the property* as shall happen by fire, etc. Said policy also contained the follwing provision: "The basis of this contract is the said application and obligation, which shall be deemed and taken as a part of this policy, and as a warranty on the part of the assured; and any false or untrue answers or statements therein material to the hazard of the risk shall render this policy null and void."

A verdict was rendered in favor of the plaintiff for the amount claimed in the complaint. After the verdict had been received and before the entry of judgment thereon, the defendant moved for judgment, notwithstanding the verdict, for the reasons: (1) The complaint does not state facts sufficient to constitute a cause of action in this: The complaint does not allege that the plaintiff had any interest in the property burned, if any, nor what that interest is. (2) The plaintiff by the contract was only entitled to recover in case of loss "as his interest may appear." This

motion was overruled and judgment was entered on the verdict, from which this appeal is taken.

1. The overruling of this motion is assigned for error and that is the first question demanding our attention. The complaint not having been demurred to, its sufficiency is tested by this motion. The first question, therefore, demanding our attention is, whether or not a person claiming to recover under a policy of insurance against loss by fire must have had an interest in the property at the time it burned, and whether or not his complaint must allege his interest. The principle is of universal application, and so far as I have been able to discover, without an exception, that the insured must have an insurable interest in the property, both at the time of the insurance and at the time of the loss. The contract of insurance against loss by fire being one purely of indemnity, unless such interest exist, the assured is not injured. (*Howard* v. *Albany Ins. Co.* 3 Denio, 301; *Freeman* v. *Fulton Fire Ins. Co.* 38 Barb. 247; *Illinois Fire Ins. Co.* v. *Marseilles Manuf. Co.* 1 Gilm. 236; *Bevin* v. *Conn. Mut. Life Ins. Co.* 23 Conn. 244; May on Insurance, § 7; Wood on Insurance, §§ 265, 266.) The plaintiff's interest in the property covered by the policy then being one of the essential facts upon which his right of recovery depends, it must be alleged in the complaint, and without such allegation the complaint is fatally defective. (*Quarrier* v. *Ætna Fire & Marine Ins. Co.* 10 W. Va. 507; *Freeman* v. *Fulton Fire Ins. Co. supra; Ruse* v. *Mutual Benefit Life Ins. Co.* 23 N. Y. 516; *Peabody* v. *Washington Co. Mutual Ins. Co.* 20 Barb. 339; *Granger* v. *Howard Ins. Co. of New York,* 5 Wend. 200; 2 Greenleaf on Evidence, § 376.) It must be remembered that this policy was issued to Stansbury, and when he sold the property covered by the policy to Lawrence, he assigned the same to him with the assent of the defendant; but the policy itself was never assigned to the plaintiff, nor is he in any manner a party to the contract. He simply had authority under the policy to receive the money in case of loss "as his interest might appear."

It is true very respectable authorities hold in such case that a

mortgagee, even by alleging his interest, cannot maintain an action on the policy; that not being a party to the contract, he is unable to sue thereon; and that the right to recover by action in case of loss in such case belongs to the insured (*Hartford Fire Ins. Co.* v. *Davenport*, 37 Mich. 609; *Thatch* v. *Metropole Ins. Co.* 3 McCrary, 387); but it was held by this court, in *Baker* v. *Eglin*, 11 Or. 333, that a contract made by one person with another for the benefit of a third might be sued upon by the beneficiary. This principle under proper pleadings, I think, would enable the plaintiff to maintain the action. It is true the right to accrue to the plaintiff and the defendant's consent is not an absolute right. It might not exist at all when the loss, if any, would happen. He was authorized to receive the money in case of loss, by making it appear that he had an interest in the property insured when the loss occurred, but not otherwise. There is no allegation in the complaint on this subject, and for that reason the defendant's motion for judgment notwithstanding the verdict ought to have been allowed. (*Moore* v. *Miller*, 7 Or. 487.) This view requires a reversal of the judgment, but inasmuch as the cause must be remanded for further proceedings I think proper to examine the other question presented.

2. The appellant requested the court to give the jury the following instruction: "That in this case the application is the basis of the contract between the parties and a warranty on the part of the assured, and any false or untrue statements or answers contained therein avoids the policy, whether such statements or answers were material or not." Which was refused and an exception taken. On the same subject the court instructed the jury as follows: "This contract of insurance contains this clause: 'The basis of the contract is said application and obligation, which shall be taken and deemed as a part of this policy, and as a warranty on the part of the assured, and any false or untrue answers and statements material to the hazard of the risk shall render this policy null and void.' Therefore, as I understand the law, the proper construction of this policy and application would be this: 'That before any misstatements or untrue answers in this application could or should affect this

XVI. OR.—19.

policy, it must appear from the evidence in this case that these statements, or misstatements, or untrue statements were material to the hazard of the risk; or in other words, the mere fact of a misstatement having been made in this application would not of itself be an objection to the policy, unless it were material to the hazard of the risk.'"

An exception was also taken to this charge, and these two exceptions present the main questions in this case. The application and policy taken together constitute the contract of insurance and must be construed as an entirety. They are expressly made so by the terms of the policy, and in determining the rights and liabilities of the parties both must be looked to, and effect must be given to every word contained therein, if possible. In other words, it is the duty of the court to so construe them that no part of either shall be ineffectual, and that all of the language used therein shall have its appropriate and proper force and effect. The decisive question then to be considered is, whether or not this policy contains any warranties. The effect of the charge and refusal of the court was to declare that it did not, and that, however false the application may appear to have been in the particulars alleged in the answer, the policy would not be defeated if in the opinion of the jury they were not material to the hazard of the risk.

It is settled by numerous authorities that a reference in the policy to the application makes the application a part of the contract, and that the answers and statements in such application are warranties. (*Marshall* v. *Columbia Fire Ins. Co.* 7 Fost. 157; *Jennings* v. *Chenango County Mutual Ins. Co.* 2 Denio, 75; *Treadway* v. *Hamilton Mutual Ins. Co.* 29 Conn. 68; *Battles* v. *York Co. Mutual Fire Ins. Co.* 41 Me. 208; *Tebbetts* v. *Hamilton Mutual Ins. Co.* 1 Allen, 305; 79 Am. Dec. 740; *Burritt* v. *Saratoga Mutual Fire Ins. Co.* 5 Hill, 188; 40· Am. Dec. 345; *Kennedy* v. *St. Lawrence County Mutual Ins. Co.* 10 Barb. 285; *Richardson* v. *Maine Ins. Co.* 46 Me. 394; 74 Am. Dec. 459; *Kelsey* v. *Universal Life Ins. Co.* 35 Conn. 225; *Allen* v. *People's Ins. Co.* 10 Gray, 297; *Chaffee* v. *Cattaraugus County Mutual Ins. Co.* 18 N. Y. 376; *Blooming Grove Mutual Fire*

*Ins. Co.* v. *McAnerney,* 102 Pa. St. 335; 48 Am. Rep. 209; *Trench* v. *Chenango Co. Mutual Ins. Co.* 7 Hill, 122; *Wood* v. *Hartford Fire Ins. Co.* 13 Conn. 533; 35 Am. Dec. 92; *Sheldon* v. *Hartford Fire Ins. Co.* 22 Conn. 235; 58 Am. Dec. 420; *Glendale Wollen Co.* v. *Protection Ins. Co.* 21 Conn. 18; 54 Am. Dec. 309; *Price* v. *Phœnix Mutual Life Ins Co.* 17 Minn. 497; 10 Am. Rep. 166; *Dewees* v. *Manhattan Ins. Co.* 34 N. J. L. 245; *Mutual Benefit Life Ins. Co.* v. *Miller,* 39 Ind. 475; *Fowler* v. *Ætna Fire Ins. Co. of the City of N. Y.* 6 Cowen, 673; 16 Am. Dec. 460; *Alexander* v. *Germania Fire Ins. Co.* 66 N. Y. 464; *Wright* v. *Equitable Life Assurance Society of the U. S.* 50 How. Pr. 367; *Cedar Rapids Ins. Co.* v. *Shimp,* 16 Ill. App. 248; *Bank of Ballston Spa.* v. *President and Directors Ins. Co. of North America,* 50 N. Y. 45; *Le Roy* v. *Market Fire Ins. Co.* 45 N. Y. 80; *Wall* v. *East River Mutual Ins. Co.* 7 N. Y. 370; *Blumer* v. *Phœnix Ins. Co.* 48 Wis. 535; 33 Am. Rep. 830; *Le Roy* v. *Market Fire Ins. Co.* 39 N. Y. 90; *Parmelee* v. *Hoffman Fire Ins. Co.* 54 N. Y. 193.)

In *Tebbetts* v. *Hamilton Ins. Co. supra,* the application for insurance was expressly made a part of the policy and a warranty on the part of the insured, and contained a clause inserted after the printed questions, by which the applicant covenanted and agreed with the company "that the foregoing is a correct statement and description of all facts inquired for, or material in reference to this insurance;" and the by-laws which were expressly made part of the policy provided, that "unless the applicant for insurance shall make a correct description and statement of all facts required or inquired for in the application, and also all other facts material in reference to the insurance, or to the risk, the policy issued thereon should be void." The applicant was held to warrant that all facts inquired for were correctly given, whether material or not; and the omission to mention several buildings within one hundred feet of the property insured, in reply to a question, "what is the distance of said building from other buildings within one hundred feet, and how are such other buildings constructed and occupied; annex a ground plan to the application," would avoid the policy. So

in *Chaffee* v. *Cattaraugus Mutual Ins. Co. supra,* the application for insurance against fire formed a part of the policy, and was in the form of answers to printed interrogatories furnished by the insurers. One of them asked the relative situation (of the property to be insured) as to other buildings, distance to each within ten rods, and the printed form concluded with the statement, "all of the exposures within ten rods are mentioned," and it was held that the application constituted a warranty that no other buildings than those named therein existed within ten rods. And it was further held that the insurer reserved the right to determine whether a building within that distance constituted an exposure, and it was error to refer that question in respect to a building omitted in the application as one of fact to the jury. So, also, in *Burritt* v. *Saratoga County Mutual Ins. Co. supra,* the application was a part of the policy. It was printed, and contained a note in the margin thus: "Relative situation as to other buildings, distance from each of less than ten rods;" and in the blank opposite to this the insured inserted a description of five buildings, which stood within the distance specified, but omitted to mention several others standing within the same distance; and it was held that the omission was fatal to the policy, and this whether material to the risk or not. And the court, per Bronson, J., said: "It is, therefore, the practice of companies which insure against fire to make inquiries of the assured in some form concerning all such matters as are deemed material to the risk, or which may affect the amount of premium to be paid. This is sometimes done by the conditions of insurance annexed to the policy, and sometimes by requiring the applicant to state particular facts in a written application for insurance. When thus called upon to speak he is bound to make a true and full representation concerning all matters brought to his notice, and any concealment will have the like effect, as in case of a marine risk. (See 1 Phillips on Insurance, 284, 285, ed. of 1840.) It is not necessary for the purpose of avoiding the policy to show that any fraud was intended. It is enough that information material to the risk was required and withheld. This doctrine is fatal to the present action. The

plaintiff was plainly and directly called upon to state the relative situation of the store as to all the other buildings within the distance of ten rods, and he omitted to mention several buildings which stood within that distance, and among the number was one which was far more hazardous than that to which the policy applied."

As has been before remarked, this contract must be so construed that every word and part thereof shall have effect if possible.  This is an elementary rule, to be applied to all writings, whenever any right is claimed under them in a court of justice; but in giving and refusing the charges excepted to, the court below overlooked one essential part of the contract.  It is contained in the application, and is quoted above.  The effect of the material part of it is that if the applicant does not truly answer the following interrogatories, and correctly describe, state, and make known the property, value, the title, the location, the *exposures*, the occupancy, the liens and encumbrances thereon, *or* if any misrepresentations or omissions to make known any and all facts material to the risk herein, then the said policy shall in *either event* be null and void.  Here the assured was required to make known certain enumerated facts, and concerning which he was particularly questioned, and then he was required to make known all facts material to the risk therein, and a failure *in either event* rendered the policy void.

The instruction given by the court was not in accordance with this construction of the policy, and was, therefore, erroneous. And so as to the instruction refused by the court.  The effect of that refusal, and the giving of the instruction complained of, was to declare that said policy contained no warranties; that all the statements by the assured in his application were representations merely and not warranties, and their falsity was of no effect unless material to the hazard of the risk.  In this view the distinction between a warranty and a representation was entirely overlooked.  The difference between a warranty and a representation is that a warranty must be true, while a representation must be true only so far as the representation is material to the risk, and it is material when a knowledge of the truth

would have induced the insurers to have refused the risk or to have charged a higher rate of premium. (*Mutual Benefit Life Ins. Co.* v. *Miller*, 39 Ind. 475.) So it was held in *Burritt* v. *Saratoga County Mutual Fire Ins. Co. supra,* that there was a material difference between a representation and a warranty; the former is not a part of the contract, but is collateral to it, while the latter is a part of the contract. So, also, in *Fowler* v. *Ætna Fire Ins. Co.* 7 Wend. 270; 16 Am. Dec. 460, that in case of a warranty it was perfectly immaterial whether the misdescription was the result of fraud or mistake; it is a condition precedent, and no excuse can be received for the non-performance of it. So it was said by Judge Thompson in *Brooks* v. *Standard Fire Ins. Co.* 11 Mo. App. 349, that "a warranty is a part of the contract, and must be exactly and literally fulfilled. It is in the nature of a condition precedent, and no inquiry is allowed into the materiality or immateriality of the fact warranted. (*Loehner* v. *Ins. Co.* 17 Mo. 255; *Mers* v. *Ins. Co.* 68 Mo. 131.) There was in this case no fulfillment of the warranty. There was hence upon the case made by the record no liability on the part of the defendant." And in the *Glendale Manuf. Co.* v. *Protection Ins. Co.* 21 Conn. 18; 54 Am. Dec. 309, the distinction between a *representation* and a *warranty* is thus defined: "The former precedes and is no part of the contract of insurance, and need be only materially true; the latter is part of the contract and policy, and must be exactly and literally fulfilled, or else the contract is broken and the policy becomes void." So in *Higbee* v. *Guardian Mut. Life Ins. Co.* 66 Barb. 462–480, the court said: "We must hold the law, therefore, to be that where the statement is a warranty, it must be actually true, and whether material or not, its falsity avoids the policy. The falsity of a collateral representation not expressly warranted by the contract will not avoid the policy unless material to the risk. But if false in substance and material to the risk, there can be no liability upon the policy, however innocently the misrepresentation may have been made." And the same doctrine is stated in 1 Wood on Fire Insurance, section 150. Although this policy expressly declares that the application is a warranty

Points decided.

on the part of the assured, and by reference makes it a part of the policy, the effect of the charge was to make its statements *representations* and not warranties.

The judgment will be reversed and the cause remanded to the court below for such further proceedings as are according to law and the course of practice in said court.

THAYER, J., took no part in this decision, for the reason he had an interest in the result.