R. R. THOMPSON ESTATE CO. v. WEINHARD et al.

(Circuit Court of Appeals, Ninth Circuit. February 4, 1918.)

No. 3040.

CORPORATIONS &⇒244(6)—SALE OF STOCK—ASSUMPTION OF CORPORATE DEBTS.
  A corporation, owning all of the common stock and most of the preferred stock of a hotel company, sold it to defendant under an agreement whereby defendant was to apply the purchase price to the payment of the hotel company's indebtedness and was to advance to the seller corporation on its note a further sum, which it was also to apply to the hotel company's liabilities. The seller company agreed to guarantee, indemnify, and save defendant harmless against the payment of any further debts and liabilities: the purpose being, as recited, that defendant should obtain title to the hotel company's property and assets free and clear of all indebtedness. The indebtedness of the hotel company considerably exceeded the purchase price of the stock, as well as the further amount advanced on the note of the seller corporation, and defendant paid all of the liabilities of the hotel company, except a note held by plaintiffs' testator. The seller corporation becoming insolvent, defendant proved as a claim against its estate all of the excess liabilities, which claim included the note held by plaintiffs' testator. Held, that defendant assumed the entire indebtedness of the hotel company by implication, this conclusion being strengthened by the conduct of defendant, and hence plaintiffs might recover against it.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Action by Louise Weinhard and others, executrices and executors of the last will and testament of Henry Weinhard, deceased, against the R. R. Thompson Estate Company, a corporation. There was a judgment for plaintiffs (242 Fed. 315), and defendant brings error. Affirmed.

Bauer & Greene and A. H. McCurtain, all of Portland, Or., for plaintiff in error.

Sidney Teiser and Julius Silvestone, both of Portland, Or., for defendants in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. This action was brought in the court below by the legal representatives of Henry Weinhard, deceased, to recover from the Thompson Estate Company, the plaintiff in error here, the amount due on a certain promissory note for $4,500, with interest, executed March 6, 1912, at Portland, Or., to the plaintiffs in the action, by the Multnomah Hotel Company, Philip Gevurtz, and I. Gevurtz & Sons, a corporation. The case was tried before the court without a jury by stipulation of the parties, resulting in findings and a judgment for the plaintiffs, and comes here by writ of error sued out by the defendant. There is no dispute about the facts, which are substantially as follows:

The Thompson Estate Company was the owner of the Multnomah Hotel in Portland, and leased it to the Multnomah Hotel Company, of

which Philip Gevurtz was president, practically all of the stock of which company, both common and preferred, was owned by a corporation known as I. Gevurtz & Sons, of which he was also president. The hotel company having become financially involved, I. Gevurtz & Sons, on January 10, 1913, gave to the Thompson Estate Company, the owner of the hotel building, an option to purchase all of the common and preferred stock of the hotel company, for the sum of $175,000, which option expressly provided in effect that the Thompson Estate Company should have the right to apply the $175,000, or such portion thereof as should be necessary, to the payment of the indebtedness of the hotel company, and further that any and all other of its indebtedness or liabilities that might exist at the time of the transfer of the stock of the hotel company to the Thompson Estate Company should be paid by the I. Gevurtz & Sons corporation, and that, in the event the latter corporation should be unable to pay such indebtedness as it became due, the Thompson Estate Company should advance the money necessary for such purpose to the extent of $35,000, upon the execution to it of the promissory note of I. Gevurtz & Sons for such sum as should be so required, with interest at the rate of 6 per cent. per annum, payable six months from the 1st day of January, 1913 (with a condition not necessary to be stated), and with the further agreement on the part of the latter corporation that it would "warrant and guarantee" the Thompson Estate Company against any and all indebtedness and liabilities of the hotel company over and above the aggregate amounts of the $175,-000 and $35,000, and would indemnify the Thompson Estate Company "against all further claims or demands, actions, damages, liabilities, suits, fines, liens, contracts, or indebtedness of any character whatsoever, either due to I. Gevurtz & Sons directly or indirectly, or to any other person, firm, or corporation, arising out of and incurred in the operation of said Multnomah Hotel from the time of its beginning to the date of possession"—"it being the intention," the agreement proceeded, "that in selling all of the common and preferred stock of the corporation (I. Gevurtz & Sons) to said the R. R. Thompson Estate Company for the sum of $175,000 as aforesaid, the said Thompson Estate Company shall thereby obtain good title to all of the property and assets of said Multnomah Hotel Company, free and clear of all claims, demands, liabilities, liens, or indebtedness of any character or nature whatsoever, and that any and all other such debts, liabilities, liens, or indebtedness shall be assumed and paid by said I. Gevurtz & Sons, and the advance by the R. R. Thompson Estate Company of the additional sum of $35,000 shall only be as a matter of accommodation to I. Gevurtz & Sons, and shall not be in acknowledgment of any assumption by said Thompson Estate Company of any further liabilities or for the payment of any greater sum for the assets of the Multnomah Hotel Company than represented by the purchase price of the common and preferred stock."

The option was duly exercised and consummated, including the execution to the Thompson Estate Company by the I. Gevurtz & Sons corporation, of the guaranty, and its note for $35,000. The evidence showed that the indebtedness of the hotel company far exceeded the

aggregate amount of the $175,000 and $35,000, all of which excess, except the amount due on the Weinhard note sued on, was paid by the Thompson Estate Company.

The evidence further shows that the I. Gevurtz & Sons corporation having been adjudged a bankrupt, the Thompson Estate Company presented a claim against the estate of the bankrupt which included the entire liabilities of the hotel company, including the demand of the plaintiffs on the note here sued on, basing its claim upon the $35,000 promissory note of I. Gevurtz & Sons, the agreement and sale of the stock of the hotel company, and the guaranty and indemnity by I. Gevurtz & Sons against the payment of any and all indebtedness and liability of the hotel company, which claim was held by the referee in the bankruptcy proceedings to be provable, and upon which claim the Thompson Estate Company has actually received from the trustee of the estate of the bankrupt a dividend of 23 per cent. upon all such indebtedness, including the claim which plaintiffs are now seeking to recover.

We agree with the court below that the contract of the parties must be considered as a whole, and, in the light of their acts under and in pursuance of it, that the Thompson Estate Company assumed the entire indebtedness of the hotel company, looking to the indemnity evidenced by the warranty obligation given by the I. Gevurtz & Sons corporation to reimburse it for any excess of liabilities over the $210,000 it might be obliged to pay in order to clear the hotel property of the debts incurred by the hotel company. Surely no better evidence of that understanding on the part of the Thompson Estate Company of the arrangement in question could be had than the fact that it retained in its possession the fund arising from the $35,000 note executed to it by the I. Gevurtz & Sons corporation, and by its presentation of its claim against the bankrupt estate of that corporation, including the amounts paid out by the claimant under and in pursuance of the indemnity agreement, and including in the claim as one of its own liabilities the note here sued on, on which it has actually received, according to the record, from the trustee of the estate of the bankrupt, 23 per cent. thereof.

We think, as did the court below, that the facts and circumstances that have been stated created a duty and implied a promise on the part of the Thompson Estate Company to pay to the instant creditor of the hotel company similar to that it recognized in paying the other creditors of that company, which conclusion is in accord with the doctrine of the decisions of the Supreme Court of Oregon in the cases of Feldman v. McGuire, 34 Or. 310, 55 Pac. 872, and Parker v. Jeffery, 26 Or. 186, 194, 37 Pac. 712, as we understand them.

The judgment is affirmed.