BUSHONG v. R. R. THOMPSON ESTATE CO.

In re MULTNOMAH HOTEL CO.

(Circuit Court of Appeals, Ninth Circuit. January 5, 1920.)

No. 3373.

1. JUDGMENT ⊂⊃711—IN FAVOR OF CREDITOR OF PURCHASER OF HOTEL COMPANY'S STOCK NOT ADJUDICATION THAT PURCHASER WAS BOUND TO PAY ALL DEBTS OF COMPANY.

Defendant, on buying stock of a hotel company, agreed with the seller to devote the purchase price of the stock to the payment of the hotel company's debts, and also to make an advance to the seller, which was surety for the company's debts. *Held*, that a judgment in favor of an existing creditor of the company against defendant, which required defendant to pay such creditor's claim, was not an adjudication which established defendant's liability to pay all the debts of the hotel company, which would warrant the trustee in bankruptcy of the hotel company in recovering from defendant sums paid by the company itself in discharge of debts.

2. CORPORATIONS ⊂⊃218—PURCHASER OF HOTEL COMPANY'S STOCK NOT LIABLE TO COMPANY'S TRUSTEE IN BANKRUPTCY ON ACCOUNT OF DEBTS PAID BY COMPANY ITSELF.

Where defendant purchased the stock of a hotel company under an agreement that the purchase price should be devoted to discharging the company's debts, and that defendant should make an advance to the seller of the stock, which was surety for the hotel company's debts, *held*

that, after bankruptcy of the hotel company, its trustee could not recover from defendant the amount of debts paid by the hotel company; the company not being a party to the agreement between defendant and the seller of the stock, and the hotel company being primarily liable for its debts.

3. EVIDENCE ☜219(1)—FILING OF CLAIM BY PURCHASER OF HOTEL STOCK AGAINST ESTATE OF SELLER NOT ADMISSION THAT PURCHASER WAS BOUND TO PAY ALL DEBTS.

Where defendant purchased all of the stock of a hotel company under an agreement that the purchase price should be devoted to payment of its debts, and that it would make an advance to the seller, which was surety on the debts of the company, *held* that, as any loss would ultimately fall on defendant, the fact that defendant filed claim in bankruptcy against the estate of the seller on account of debts which it had not paid, but which the company had partly paid and given notes therefor, was not an admission that defendant was bound to pay such debts, which exceeded the purchase price of the stock.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action by H. F. Bushong, trustee in bankruptcy of the estate of the Multnomah Hotel Company, against the R. R. Thompson Estate Company to recover damages on a contract between defendant and Gevurtz & Sons. There was a judgment for defendant, and plaintiff brings error. Affirmed.

Under an agreement between Gevurtz & Sons, a corporation in Oregon, and the Estate Company, the Estate Company was to erect a hotel building and to lease the same to Gevurtz & Sons for a term of years. The Hotel Company issued common stock of $200,000 and preferred stock of $150,000, for which it paid by transferring the lease with the Estate Company, and began business in 1912; all of the stock of the company being owned and controlled by Gevurtz & Sons, a corporation. The Hotel Company became involved, and under a contract or option dated January 10, 1913, in consideration of $175,000, the Estate Company purchased the stock of the Hotel Company and agreed to pay the then existing indebtedness of the Hotel Company to the extent of $175,000, and to advance to the Gevurtz & Sons corporation, upon a note, a sum not to exceed $35,000 to liquidate any obligations of the Hotel Company in excess of 175,000. Under this agreement the Gevurtz corporation guaranteed the Estate Company against all debts and liabilities of the Hotel Company above $210,000, and indemnified the Estate Company against demands and liabilities of every character due by the Gevurtz corporation, or to any other person or corporation, arising out of and incurred in the operation of the Multnomah Hotel "from the time of its beginning to the date of the delivery of possession." The contract or option further provided that the payment of $175,000 and the loan of $35,000 were only matters of "accommodation" to Gevurtz & Sons, and were not to be "any acknowledgment of any assumption by said Thompson Estate Company of any further liability, or for the payment of any greater sum for the assets of the Multnomah Hotel Company then represented by the purchase price of the common and preferred stock.

The Estate Company paid all of the debts of the Hotel Company, except four claims, which are the subject of this action, and the Estate Company paid in cash a portion of each of these four claims, and gave the Hotel Company's notes for the balances due. On May 9, 1913, Gevurtz & Sons was adjudged bankrupt, and the Hotel Company went into bankruptcy on January 26, 1916. After the Gevurtz Company went into bankruptcy, the Estate Company filed a claim for $57,506, made up of $35,000 loaned to the Gevurtz Company and a balance of $21,506 claimed to be due under the agreement (heretofore re-

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ferred to) of the Gevurtz Company to indemnify the Estate Company for payment of additional debts of the Hotel Company. The claim filed did not include any part of the $175,000 paid by the Estate Company to Gevurtz Company for the stock of the Hotel Company, but did include the so-called Weinhard claim for $4,500, which afterwards became the subject of litigation, and resulted in judgment in favor of Weinhard against the Estate Company.

The defense of the Estate Company is that the debts sued on were those of the Hotel Company, which was primarily liable for their payment; that no consideration passed from the Hotel Company to the Gevurtz Company, or to the Estate Company for the latter's assumption of any secondary liability by Gevurtz Company for those debts; that the trustee herein represents no creditor existing at the time of the alleged promise of the Estate Company to pay the existing debts of the Hotel Company, or at the time of payment of those debts by the Hotel Company.

The District Court directed a verdict in favor of the Estate Company, and the trustee brought writ of error.

Teiser & Smith and Julius Silvestone, all of Portland, Or., for plaintiff in error.

Bauer, Greene & McCurtain, of Portland, Or., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1, 2] Plaintiff in error takes the ground that the contract referred to was made for the benefit of the Hotel Company, as well as for the benefit of its creditors; that the Hotel Company is a party in privity and entitled to recover money paid out of its treasury, which inured to the benefit of the Estate Company, and which should have been paid out of the funds of the Estate Company, and relies principally upon the decision of this court in Weinhard et al. v. Estate Co., 247 Fed. 951, 160 C. C. A. 376, affirming Weinhard et al. v. Estate Co. (D. C.) 242 Fed. 315. We there held that, under the contract between the Estate Company and the Gevurtz Company, the Estate Company assumed the entire indebtedness of the Hotel Company and looked to the indemnity evidenced by the warranty obligation for reimbursement for any liabilities in excess of the $210,000 that it might have to pay in order to clear the hotel property of the debts incurred by the Hotel Company. The facts of that case were that Weinhard's claim against the Hotel Company was upon a note executed March 6, 1912, to the Estate Company by the Hotel Company and the Gevurtz corporation, and we regarded the claim as a part of the debt of the Hotel Company owing upon January 10, 1913, or at the time of the purchase and assumption by the Estate Company, and therefore held the Estate Company liable for its payment. The rule of that case clearly controls as to all creditors of the Hotel Company who were such prior to and at the date of the agreement of assumption and to whom Gevurtz Company was liable. The question here is whether, under the contracts, the Estate Company is liable for the balances due upon the debts of the Hotel Company here sued upon and which have been paid.

At the time of the purchase of the stock by the Estate Company, the Hotel Company owed about $244,000. The Gevurtz Company, which sold the stock, was secondarily liable to pay these debts. The Estate Company made no contract, directly, at least, with the Hotel Company

or with any of the creditors of the Hotel Company. It did agree, however, with the Gevurtz corporation, to clear the Hotel Company of the debt which the Gevurtz corporation was then carrying. It was not held in the Weinhard Case, supra, that the Estate Company assumed any other or greater liability than that which rested on the Gevurtz corporation, or that the Estate Company would be liable for a greater amount than the Hotel Company owed at the time of the transfer. Nor was it decided that there was any agreement whereunder the Hotel Company was relieved of the obligation to pay its own debts. In other words, it has not been held that the Estate Company substituted itself as a principal debtor so as to relieve the Hotel Company of all liability. We must measure the obligation of the Estate Company solely by the terms of the contract it made with the Gevurtz Company and what was done thereunder. Clearly the purpose of the contract between the Estate Company and the Gevurtz corporation was to clear the Hotel Company of debts which it owed at the time of the purchase of the stock. The money which the Estate Company was paying for the stock was to be applied in payment of claims against the Hotel Company.

But the language of the contract expressly provided that the Estate Company disclaimed the assumption or acknowledgment of any liabilities of the Hotel Company or the payment of any greater sum for the stock than represented by the purchase price of the stock. The $35,000 advanced was "accommodation" to the Gevurtz corporation and not an acknowledgment of any assumption of debt of the Hotel Company. The obligation of the Hotel Company to pay its own debts never was extinguished, although a creditor of the Hotel Company on January 16, 1913, could have enforced payment as against the Estate Company because of the implied assumption of payment of his claim under the Estate Company contract with the Gevurtz corporation. Such a claim, however, was against the Hotel Company, yet enforceable against the Estate Company because of the guaranty. The attitude of the Estate Company was not unlike that of a surety to a contract.

The allegation by the trustee that the Estate Company, as owner of the stock of the Hotel Company, "caused" the Hotel Company to pay debts amounting to $14,000, which the Hotel Company owed, implies, as we understand it, that the Hotel Company was obliged to do that which it ought not to have done, and that the Estate Company has become responsible for a depletion of the estate of the Hotel Company to the amount of $14,000. But, as it is plain that the Hotel Company owed the money, paying it was certainly not wrongful, even though another corporation was secondarily liable for the payment of the debts. The fact that the Estate Company had agreed with the Gevurtz corporation to pay debts that the Hotel Company failed to pay does not make the payment by the Hotel Company unlawful.

While the Estate Company could have made a general enforceable promise to pay the claims of the creditors of the Hotel Company, it did not do so, and when it acquired ownership of the hotel it had a right to "cause" the Hotel Company to pay $14,000 of its own debts out of its own earnings, provided, always, there was no fraud or unlawful preference. Questions of unlawful preference, however, are

not material. If the Gevurtz corporation had remained owner of the Hotel Company stock, the Gevurtz Company would have had the right to cause the Hotel Company to pay the debts for which the Gevurtz Company was surety, and, if there had been a failure, it would have had the right to require the Estate Company to make the payment.

[3] It is said, however, that in its proof of claim in the Gevurtz Company bankruptcy proceedings the Estate Company included the four claims involved in this suit, and which amounted to some $14,000, and that the Estate Company received a dividend of some 23 per cent. on the claims out of the assets of the Gevurtz Company estate in bankruptcy. Assuming that the court should have ruled that such proof was admissible, it would not have affected the case. The Estate Company being liable for payment of the claims on an implied assumption of the Gevurtz corporation obligation to pay them, whether the Estate Company paid the $14,000 directly or not, or whether the Hotel Company paid it, the loss would come finally upon the Estate Company as owner of the stock of the Hotel Company, and such loss would be covered by the indemnity contract between the Gevurtz corporation and the Estate Company. Under the terms of the warranty the Estate Company had a right of action against the Gevurtz corporation to recover the $14,000, and therefore had a provable claim against the Gevurtz Company estate in the bankruptcy court.

The primary liability of the Hotel Company is the determining point; and as the Hotel Company has paid the debts in question, the transactions had between the Estate Company and the Gevurtz corporation cannot be made the subject of complaint by the Hotel Company. The trustee of the estate of the Hotel Company, bankrupt, cannot avail himself of the benefit of a promise made by the Estate Company to the Gevurtz corporation, when the Hotel Company could not have compelled the Gevurtz corporation to pay the debts of the Hotel Company. Those who were benefited by the Gevurtz guaranty and the Estate Company's assumption were those creditors of the Hotel Company in existence January 16, 1913, and, as all such have been paid, the Hotel Company has no cause of action. Brower Lumber Co. v. Miller, 28 Or. 570, 43 Pac. 659, 52 Am. St. Rep. 807; Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L. R. A. 257, 39 Am. St. Rep. 618; Parker v. Jeffery, 26 Or. 186, 37 Pac. 712; Washburn v. Investment Co., 26 Or. 436, 36 Pac. 533, 38 Pac. 620.

Nor can we find any fraud upon creditors. The creditors, except the Estate Company, of the Hotel Company, have been paid, and there seems to be no cause of action in favor of the Hotel Company against the Estate Company for failure to perform the contract with Gevurtz Company, made for the benefit of the existing creditors of the Hotel Company.

The judgment is affirmed.