[Filed November 17, 1883.]

## H. S. SCHNEIDER *v.* S. S. WHITE.

PLEADING—COMPLAINT.—A complaint which alleges that D rented a store to the defendant at his request for ten days, for which defendant promised to pay plaintiff the reasonable value, and further alleging the reasonable value and non-payment, states a cause of action.

ID.—CONSIDERATION.—An action can be maintained by A upon a promise by B, on a consideration moving from C, to pay A a sum of money, even though not informed thereof until afterwards.

MULTNOMAH COUNTY.  Defendant White appeals.  Reversed.

The opinion states the facts.

*A. Lenhart*, for Appellant.

*F. V. Drake*, for Respondent.

THAYER, J.—The only question in this case which the court deems of sufficient importance to be noticed, is whether the complaint in the Justice's Court contained a cause of action. The following is a copy of the said complaint:—

"Plaintiff for cause of action against defendant alleges that *during the year* 1884, *James Dickson*, at the special instance and request of defendant, *rented to defendant one store for the period of ten days, which rent was* of the reasonable value of ten dollars, and for which defendant promised and agreed to pay to plaintiff the reasonable value thereof, and that the reasonable value thereof was and is ten dollars, and that no part thereof has been paid, although demanded; that said Dickson assigned to plaintiff said claim on December 8, 1884, and that there is now due and owing from defendant to plaintiff the sum of ten dollars, over and above all legal claims and set-offs."

The only objection urged against the complaint was that the defendant promised and agreed to pay the plaintiff the rent, instead of agreeing to pay it to Dickson. I have no doubt that the pleader intended to allege that the defendant promised and agreed to pay the rent to Dickson. That would have been more natural. Having rented the premises of the latter, he would have been more likely to have promised to pay him the rent. But taking the complaint as literally true, I think, beyond doubt, it contained a cause of action. The defendant, for a valuable consideration moving from Dickson, promised to pay the plaintiff a sum of money, and the latter can enforce it. That an action can be maintained by A upon a promise made by B upon a consideration moving from C to pay A a sum of money, even though A was not informed thereof until afterwards, is too well settled to require authority to support the proposition.

The judgment of the Circuit Court will therefore be reversed, and the cause remanded to that court, with directions to dismiss the writ of review.