[Argued July 30; decided September 10, 1894.]

## PARKER *v.* JEFFERY.

[S. C. 37 Pac. 712.]

CONTRACTS MADE FOR THE BENEFIT OF THIRD PERSONS.— To entitle a third person to recover upon a contract made between other persons, there must not only be an intent to secure some benefit to such third person, but the

NOTE.— The right of a third person to sue upon a contract made for his benefit is the subject of a large number of cases which are fully presented and analyzed in a very extensive note to the Minnesota case of *Jefferson* v. *Asch* in 25 L. R. A. 257.—REPORTER.

contract must have been made and entered into directly and primarily for his benefit.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

Action by Parker and Topping against Robertson Brothers and Jeffery & Bays to recover on a bond executed by the latter persons, and comes here on appeal from a judgment given in favor of plaintiffs for want of an answer, the defendants electing to stand by their demurrer to the complaint, which was overruled by the court. From the complaint it appears that on November twenty-third, eighteen hundred and ninety-two, the defendants Robertson Brothers contracted in writing with the City of Portland to furnish the material and perform the labor necessary for the construction of a sewer in Curry Street, to be completed by February twenty-fourth, eighteen hundred and ninety-three, in good and workmanlike manner, according to plans and specifications therefor, to the satisfaction of the committee on streets and public property, and to be responsible for, and hold the city harmless from, any loss or damage resulting from carelessness or negligence in doing the work. As a part of the contract, it was stipulated and agreed that within ninety days after the completion of the work Robertson Brothers "would pay all sums of money due at the completion of the work, or hereafter to become due, for material used in and labor performed on or in connection with said work." On the twenty-ninth of November, eighteen hundred and ninety-two, they executed and delivered to the city their bond in the penal sum of one thousand nine hundred and forty dollars, with the defendants Jeffery & Bays as sureties, conditioned that, "whereas the above bounden Robertson Brothers have this day entered into a contract with the City of Portland for the construction of a sewer in Curry Street of said city according to the plans and specifications

therefor, in accordance with the provisions of ordinance number seven thousand nine hundred and fifteen of said City of Portland. Now, if said contractor shall well and faithfully perform all the covenants and conditions in said contract mentioned then this obligation to be void, otherwise to be and remain in full force and virtue." During the progress of the work, plaintiffs sold and delivered to said contractors material to be used in the construction of the sewer to the amount and value of one hundred and twenty-seven dollars and fifty cents, and, the same not having been paid within ninety days after the completion of the work, or at all, this action was brought against the sureties on the bond to recover the amount thereof.

REVERSED.

*Mr. William W. Thayer*, for Appellants.

*Messrs. Clarence Cole*, and *Arthur L. Frazer*, for Respondents.

Opinion by MR. CHIEF JUSTICE BEAN.

At the outset it may be well to observe that when the contract and bond in suit were executed the charter of the City of Portland contained no provision authorizing or requiring it to exact from contractors a stipulation to pay for labor and material used by them in the performance of their contracts; and while the absence of such a provision would not, perhaps, necessarily render the stipulation inoperative, (*Knapp* v. *Swaney*, 56 Mich. 345, 56 Am. Rep. 397, 23 N. W. 102,) yet, without it, the obligation of the defendants must be determined by the same rules as would apply in the case of similar contracts between individuals. To support the judgment of the court below, the plaintiffs invoke the doctrine that if one person makes a promise to another for the benefit of a third, the latter

may maintain an action upon it, though the consideration did not move from him. Upon this question and the application of the rule, or rather the exception to the general rule that to sustain an action there must be privity of contract between the parties, the cases are discordant, and not at all reconcilable. But whatever may be said of the doctrine elsewhere, it must be regarded as settled in this state that a third person may, under certain circumstances, enforce a contract made by others for his benefit: *Baker* v. *Eglin*, 11 Or. 333, 8 Pac. 280; *Hughes* v. *Oregon Railway and Navigation Company*, 11 Or. 437, 5 Pac. 206; *Schneider* v. *White*, 12 Or. 503, 8 Pac. 652; *Chrisman* v. *State Insurance Company*, 16 Or. 283, 18 Pac. 466; and this, we believe, is generally regarded as the prevailing rule in this country: Pomeroy's Remedies, § 139; Parsons on Contracts, 467; *Hendrick* v. *Lindsay*, 93 U. S. 143; *Lawrence.* v. *Fox*, 20 N. Y. 268. The doctrine, however, is not applicable to every contract made by one person with another from the performance of which a third person will derive a benefit, but it limited to contracts which have for their primary object and purpose the benefit of a third person, and which were made for his direct benefit. "To entitle him to an action," says Mr. Justice RAPALLO, "the contract must have been made for his benefit. He must be the party intended to be benefited": *Garnsey* v. *Rogers*, 47 N. Y. 240, 7 Am. Rep. 440. To the same effect is *Vrooman* v. *Turner*, 69 N. Y. 280, 25 Am. Rep. 195; *Lake Ontario Railroad Company* v. *Curtiss*, 80 N. Y. 219; *Second National Bank* v. *Grand Lodge*, 98 U. S. 123; *Shamp* v. *Meyer*, 20 Neb..223, 29 N. W. 379, 24 Cent. Law Jour. 111, and note; *Austin* v. *Seligman*, 18 Fed. 519; *Wright* v. *Terry*, 23 Fla. 160; 2 South. 6; *Chung Kee* v. *Davidson*, 73 Cal. 522, 15 Pac. 100; *Burton* v. *Larkin*, 36 Kan. 246, 59 Am. Rep. 541, 13 Pac. 389; *Greenwood* v. *Sheldon*, 31 Minn. 254; 2 Am. Lead. Cases, 182. From these and other authorities which might be cited we take

the rule to be that to entitle a third person to recover upon a contract made by others, there must not only be an intent to secure some benefit to such third person, but the contract must have been made and entered into directly and primarily for his benefit; for, if a contract should be enforced by a person who would be incidentally or indirectly benefited by its performance, as was said by RAPALLO, J., in *Garnsey* v. *Rogers*, 47 N. Y. 240, 7 Am. Rep. 440: "Every agreement by which one party should agree with another, for a consideration moving from him, to become security for him to his creditors, or to advance money to pay his debts, could be enforced by the parties whose claims were thus to be secured or paid. I do not understand any case to have gone this length." There are many cases, it is true, in which the language of the court does not expressly so limit the doctrine, but would seem to extend the rule so as to allow any person to maintain an action whenever the contract contains a provision for his benefit; but an examination of the facts upon which the various decisions rest will, in most instances, we think, show that the language used in the instance referred to is broader than the case called for. Judges have differed widely as to the principle upon which the doctrine rests, and it is almost if not quite impossible to extract from the cases any general principle by which they can be reconciled: 23 Am. Law Reg. 1. But in nearly if not quite every case coming under our notice in which the action has been sustained, unless on a bond or obligation authorized by law, there has been some property, fund, debt, or thing in the hands of the promisor upon which the plaintiff had some equitable claim, and from which the law, acting upon the relationship of the parties, or the fund, established the privity, implied the promise, and created the duty upon which the action was founded.

Applying these rules to the case in hand, it seems clear

that plaintiffs cannot maintain this action, because there was no promise by Jeffery & Bays to pay for labor and material used by Robertson Brothers in the performance of their contract with the city, nor was the bond taken by the city for the benefit of parties who might furnish such labor or material, but to indemnify and save it harmless from loss or damage by the failure of Robertson Brothers to perform their contract. The obligation of Jeffery & Bays is measured by the terms of their contract, which is an ordinary penal bond by which they acknowledge themselves indebted to the City of Portland in the sum of one thousand nine hundred and forty dollars, and which they bind themselves to pay to the obligee in the bond, and not to any other person. The condition that if Robertson Brothers should comply with their contract with the city, the obligation should be void, is incorporated in the bond for the benefit of the sureties. It simply declares upon what terms they may be exonerated from their liability to the city. The bond contains no covenant or agreement to pay the plaintiffs, or to see them paid, but only a condition, the performance of which will exonerate them from liability, and such a condition will not be construed as a promise: *Lamb* v. *Vaughn*, 2 Sawy. 161; Fed. Cas. 8023. Thus in *Turk* v. *Ridge*, 41 N. Y. 201, where the defendant, in consideration of a conveyance to him by one Perkins of a farm, executed and delivered to the latter a bond in the penalty of fifteen thousand dollars, conditioned that the same should be void if the defendant should pay a certain promissory note given by Perkins to the plaintiff, and indemnify and save him harmless against the note, otherwise to remain in full force and virtue, it was held that the plaintiff could not recover because there was no express agreement of the defendant to pay the note. The court said: "The defendant's agreement is to pay this fifteen thousand dollars to Philip Perkins. The rest is a mere

condition or defeasance for the benefit of the defendant. It simply sets out what shall avoid the defendant's covenant or obligation contained in the penal part of the bond, and simply states the terms and conditions upon which he can exonerate himself from the debt which he has agreed to pay the obligee. The condition, standing by itself, wants the very elements of a contract, and it seems to me very clear that Harriet Perkins could never maintain an action upon the conditions contained in the bond, as well for the reasons above stated, as for the palpable reasons appearing upon the face of the instrument itself." And in *Merrill* v. *Green*, 55 N. Y. 270, Roberts and Green were partners. They dissolved, and Green and one Nichols executed a bond to Roberts, conditioned that Green should pay all the partnership debts. In a suit on the bond by a creditor it was held that he had no cause of suit, GROVER, J., saying: "I do not think the case within the principle of *Lawrence* v. *Fox*. Green was liable with Roberts for the payment of the firm debts. He agreed with Roberts, upon a valid consideration, to assume the payment of the whole of the debts, and Nichols undertook that he should perform this contract. This was no agreement made by Green and Nichols with the creditors, or for their benefit, but one with Roberts, to exonerate him from his liability for the debts of the firm by payment which Green was to make, and, in case of his default, such payment to be made by Nichols. All the liability incurred by either was upon the bond, and this was to the obligee only."

And in *Simson* v. *Brown*, 68 N. Y. 355, one Boyd was indebted to Macdonald on a bond and mortgage, which was assigned to the plaintiff, and which Boyd subsequently, and without knowledge of the assignment, paid in full to Macdonald. Afterwards, and "for the purpose of securing to the plaintiff the amount of principal and interest

unpaid to him on said bond and mortgage, and to indemnify the said Boyd against the claim of the plaintiff thereon, the said W. J. Macdonald, together with one John Macdonald, executed and delivered, under seal, their bond to said William Boyd," in the penal sum of one thousand dollars, conditioned that "if the obligors pay or cause to be paid unto plaintiff, the amount of said bond and mortgage, and hold the said Boyd harmless therefrom, then the bond should be void." The defendant guaranteed the payment of the bond. It was held plaintiff could not sue because the bond contained no promise for his benefit, and although it may have been made for the purpose of securing to the plaintiff the amount of the principal and interest unpaid to him on the bond and mortgage, it would not entitle him to recover thereon, FOLGER, J., saying: "He is not entitled to maintain this action and recover therein, unless the promise is to pay to him. We have seen that the obligation in this case contains no promise to that effect. Whatever agreement there is in it, is to pay to Boyd the sum of one thousand dollars. The condition is not a promise, but an alternative for the benefit of the Macdonalds. It contains no agreement to pay any one, and is not the basis of an action." And further on in the opinion it is said that "it is not to be denied that the performance of the condition of the bond to Boyd would have worked consequentially a benefit to Simson, if it had been performed by the payment of the five hundred dollars and interest to him. It might then be said, in a way, to have been a benefit to him in the execution of it. But it is not every promise made by one to another, from the performance of which a benefit may ensue to a third, which gives a right of action to such third person, he being neither privy to the contract nor to the consideration. The contract must be made for his benefit as its object, and he must be the party in-

26 OR.—25.

tended to be benefited." The case of *Jordan* v. *Kavanaugh,* 63 Iowa, 152, 18 N. W. 851, is, we think, clearly distinguishable from the case at bar in this, that the contract containing the promise of the principal to pay all just claims of subcontractors is attached to and made a part of the bond, and the two instruments were considered and read together by the court in determining the undertaking of the obligors in the bond, and, when so considered, contained a promise by the obligors to pay such claims; and, besides, the statute of Iowa gave a right of action to any person intended to be secured by such a bond who has sustained injury in consequence of a breach thereof. The bond upon which the case of *St. Paul* v. *Butler,* 30 Minn. 459, 16 N. W. 362, was brought was one required by law to be executed by all contractors with the city "for the use of all persons who may do work or furnish material pursuant to any such contract," and hence such parties were the real obligees of the bond, although taken in the name of the city. From what has been said it follows that the complaint does not state facts sufficient to constitute a cause of action, and the judgment of the court below must be reversed and the cause remanded with directions to sustain the demurrer.

REVERSED.