## WASHBURN v. INTERSTATE INVESTMENT COMPANY.

[S. C. 36 Pac. 533; 38 Pac. 620.]

1. DISMISSING APPEAL FOR FAILURE TO FILE BILL OF EXCEPTIONS—AMEND-MENT OF TRANSCRIPT.—A motion to dismiss an appeal because the bill of exceptions was not filed within the time prescribed will be denied, and a cross-motion for leave to complete the transcript will be granted, where the bill was submitted to the trial judge within the time allowed by the court, and before the expiration of the time in which to file a transcript on appeal, but was not settled and signed until after such time had expired, and the transcript had been filed in the appellate court.

2. CONTRACTS FOR THE BENEFIT OF THIRD PERSONS—CONSIDERATION—NOVA-TION.—Where one person, as a consideration or part consideration for an executed contract, promises another, for a consideration moving from him, to pay or discharge some legal obligation due from such other to a third person, the latter, though a stranger to the consideration, and not an immediate party to the contract, may maintain an action thereon if it was made directly and primarily for his benefit.   In such cases, however, the fund or property must be due from the promissor—there must be something more than a mere unexecuted promise to advance money to pay the debts of the promisee—to sustain an action by the third person interested: *Parker* v. *Jeffery*, 26 Or. 186, approved and followed; *Baker* v. *Eglin*, 11 Or. 333; *Hughes* v. *Oregon Railway and Navigation Company*, 11 Or. 437; *Schneider* v. *White*, 12 Or. 503; *Chrisman* v. *State Insurance Company*, 16 Or. 283, limited and distinguished.   Thus an agreement by A to

discharge within a certain time the indebtedness of B in consideration that B shall give A certain property after the debts are paid, cannot be enforced against A by a creditor of B.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This is an action by A. K. Washburn, a creditor of the Boston Shoe and Leather Company, to recover on a promise of the defendant, the Interstate Investment Company, to the leather company to pay and discharge its debts and liabilities.   The action was tried by the court without the intervention of a jury, and from the pleadings and findings of fact it appears that on November tenth, eighteen hundred and ninety-one, the Boston Shoe and Leather Company, being indebted to sundry persons, including this plaintiff, entered into a written contract with the defendant,* by which it was stipulated and agreed that the defendant should, within thirty days, pay and discharge such indebtedness, and should also make advances necessary to enable the leather company to carry on its business for a period of four months, the entire amount to be so paid out and advanced not to exceed a balance of thirteen thousand three hundred and nine dollars and seventy-nine cents, due the leather company from one O. D. Taylor on a subsidy contract.   As a consideration for this stipula-

---

*The full contract is as follows: "This agreement made and entered into by and between 'The Interstate Investment Company,' party of the first part, and the 'Boston Shoe and Leather Company,' party of the second part, witnesseth—That the party of the first part, for and in consideration of the covenant and agreement hereinafter set forth, promise and agree to and with the said second party, to liquidate, settle, and pay within the next thirty days, all of the outstanding accounts of the party of the second part, not exceeding ten thousand dollars ($10,000.00) in amount, and to contribute from time to time such amounts as may be necessary to carry on the business of the party of the second part for a period of four months; such sum, together with amounts paid in liquidating the present indebtedness of the party of the second part as hereinbefore stated, not to exceed thirteen thousand three hundred and nine dollars and seventy-nine cents ($13,309.79), such sum being balance of subsidy contract between O. D. Taylor and the Boston Shoe and Leather Company.

"In consideration whereof the said second party agree that when said indebtedness shall have been fully paid by said first party as heretofore set forth, it will cause to be issued to said first party an equal amount of its capital stock fully paid up of the

tion on the part of the defendant, the leather company agreed that when the indebtedness should be paid as provided in the contract it would issue and deliver to the defendant one share of its paid-up capital stock of the par value of fifty dollars, for each fifty dollars of indebtedness so paid, and in like manner one share for each fifty dollars advanced by the defendant to enable it to carry on its business, and that a compliance with the terms of the agreement by the defendant should operate as a satisfaction of the subsidy contract with Taylor. Judgment went for the plaintiff and defendant appeals. The proposed bill of exceptions was filed by appellant, and respondent's objections thereto also filed within the time granted by the lower court, and before the first day of the term of the supreme court beginning on the fourth day of March, eighteen hundred and ninety-four, but the bill was not settled and allowed by the trial judge until the fifteenth day of March.

On the fourth of March the transcript was filed in the supreme court without the bill of exceptions, and respondent moved to dismiss the appeal because the errors assigned in the notice do not appear in the record. Appellant filed a cross-motion for leave to complete the transcript.

MOTION OVERRULED: REVERSED.

par value of fifty dollars ($50.00) per share, one share for each fifty dollars ($50.00) of indebtedness so paid, and in like manner to issue to said first party one share of said capital stock for each fifty dollars ($50.00) advanced by said first party for operating expenses as heretofore set forth.

"And it is agreed that the amount so advanced shall be in lieu of and be credited on, the amount due on the subsidy contract existing between said second party and O. D. Taylor, and a compliance with the terms of this agreement shall relieve the said parties from further obligations in said subsidy contract: and it is further mutually agreed between the parties heretofore stated that H. Glenn, of The Dalles, Oregon, shall act as treasurer of the said second party for the period of the next four months, and shall receive and disburse all money belonging to said second party. His books of trust shall at all times be subject to inspection by the parties hereto. To all of which the parties hereto mutually agree and bind themselves to perform.

"In witness whereof the parties hereto have caused these presents to be executed by their duly elected and qualified officers, and their corporate seals attached. Executed in duplicate."

For appellant there was a brief by *Messrs. Johnson &
Idleman* and *A. Evan Reames,* and an oral argument by *Mr.
Cicero M. Idleman.*

For respondent there was a brief by *Messrs. Durham &
Platt, Emmons & Emmons,* and *Miller & Miller,* and an oral
argument by *Mr. Robert Treat Platt.*

*On Motion to Dismiss.*—In the case of *Kelly* v. *Pike,* 17
Or. 330, it was decided that the appellate court had no
power to enlarge the time for filing a transcript, unless
such order was made within the time allowed for such
filing, and the principle laid down in that case is applica-
ble not only to the whole transcript, but to any material
part thereof, unless it be shown that some portion of the
transcript has been omitted by some inadvertence on the
part of the clerk of the court below, and thus the tran-
script as filed is not a transcript of the final roll in the
trial court.   It can readily be seen that if the doctrine of
*Kelly* v. *Pike* is departed from as to any material part of
the transcript the logical result follows that it can be de-
parted from as to the whole of the transcript, and thus
we at once do away with the statutory provision that the
transcript on appeal must be filed on or before the second
day of a term of this court following the perfection of the
appeal.   Reference will of course be made to section 542
of volume I of Hill's Code as to the right and authority
of this court at any time to permit the transcript to be
completed, upon affidavits setting forth the facts constitu-
ting the incompleteness of the transcript, but it is mani-
fest, it seems to us, that this statutory rule is intended to
apply only to such portions of the final roll of the lower
court as have been unintentionally and by an oversight
omitted, thus making the transcript filed not a transcript
of that which was on file and of record in the office of the

clerk of the lower court. The bill of exceptions now proposed to be filed was not in existence when the transcript was filed, and could not have been omitted.

*On the Merits.*—The case was presented to the trial court on the theory that the contract of February tenth, eighteen hundred and ninety-one, was a contract made for plaintiff's benefit, and on which he therefore had a right to sue; and further that in paying plaintiff's claim defendant would simply be paying in a particular way and manner provided for in said contract its own debt incurred by its subscription to the stock of the Boston Shoe and Leather Company, and the court found that such were the facts. This was not a promise by defendant to pay a debt of another, but a promise to pay in a particular way its own debt incurred by its subscription to the stock of the Boston Shoe and Leather Company, and the release from a certain subsidy contract. By the terms of subscription defendant bound itself to pay the debt to a particular class of persons, of whom the plaintiff was one. It is a settled proposition in this state that when A, for a valuable consideration, agrees with B to pay his (A's) debt to C, the latter can enforce the contract against A: *Baker* v. *Eglin,* 11 Or. 333; *Hughes* v. *Oregon Railway and Navigation Company,* 11 Or. 437; *Schneider* v. *White,* 12 Or. 503; *Strong* v. *Kamm,* 13 Or. 172; *Sacramento Company* v. *Wagner,* 67 Cal. 293; *Lawrence* v. *Fox,* 20 N. Y. 268; *Coster* v. *Mayor,* 43 N. Y. 399.

[ Decided April 23, 1894.]

PER CURIAM. 1. Where, on a motion to dismiss an appeal because the bill of exceptions was not filed within the time provided by law in which to file a transcript, it appears that such bill was prepared and submitted to the trial judge for allowance within the time allowed by the court below, and before the expiration of the time in which to file a transcript on appeal, but was not settled and

signed until after such time had expired, *held*, that the
motion to dismiss should be overruled, and the cross-
motion for leave to complete the transcript allowed.

MOTION OVERRULED.

Opinion by MR. CHIEF JUSTICE BEAN.

2.   The only question for decision is as to plaintiff's
right to recover in assumpsit upon defendant's promise to
the leather company to assume and pay its debt to him.
The plaintiff not being a party or privy to the contract,
and its consideration not moving from him, the case pre-
sents another phase of the perplexing question as to the
right of a third person to maintain assumpsit upon a con-
tract, the performance of which will inure to his benefit,
but to which he is not a party.   As we intimated in *Parker*
v. *Jeffery*, 26 Or. 186, 37 Pac. 712, the cases upon this sub-
ject are discordant and irreconcilable.   As a general rule,
only parties or privies to a contract can maintain an action
to enforce its stipulations; and allowing a stranger to do
so is an exception to and inconsistent with this rule.   It
will not be profitable at this time to collate the authorities
upon the general question of the right of a stranger to a
contract to enforce its stipulations, or to undertake to de-
duce from them any general rule upon the subject.   The
prevailing doctrine in this country undoubtedly is that,
where one person, as a consideration or part consideration
for an executed contract, promises another, for a con-
sideration moving from him, to pay or discharge some
legal obligation or debt due from such other to a third
person, the latter, although a stranger to the considera-
tion, and not an immediate party to the contract, may
maintain an action thereon, if it was made directly and
primarily for his benefit.   And this, we think, is all that
has in fact been held by the former decisions of this court

26 OR.—56.

in which such actions have been sustained, although the language of some of the decisions states the rule without qualification that where one person makes a promise to another for the benefit of a third the latter may maintain an action thereon: *Baker* v. *Eglin*, 11 Or. 333, 8 Pac. 280: *Hughes* v. *Oregon Railway and Navigation Company*, 11 Or. 437, 5 Pac. 206; *Schneider* v. *White*, 12 Or. 503, 8 Pac. 652; *Chrisman* v. *State Insurance Company*, 16 Or. 283, 18 Pac. 466. After a somewhat exhaustive examination of the question, we have found no case which has gone so far as to hold that such action can be maintained on an executory contract by which one person promises to advance his own money to pay the debts of another, but, on the contrary, the authorities deny the application of the rule to such a contract: *Garnsey* v. *Rogers*, 47 N. Y. 233, 7 Am. Rep. 470; *Second National Bank* v. *Grand Lodge*, 98 U. S. 123; *Pardee* v. *Treat*, 82 N. Y. 385; *Berry* v. *Brown*, 107 N. Y. 659, 14 N. E. 289.

Where one person receives a fund or property from another, and instead of paying him therefor is allowed to retain the consideration under an agreement to pay it to the creditors of the other party; or when it is agreed between the parties to the contract, there being a valuable consideration therefor, that the promisor may discharge his debt or liability to the promisee by paying it to some third person, to whom the promisee owes some legal duty or obligation, it would be just and proper that such third party should have the right to maintain an action on the contract in his own name. But this is on the theory that the contract being for his direct benefit the law invests him with a privity in respect thereto by reason of his interest, and the promisor, in performing the contract, is doing nothing more than to discharge his own debt or obligation in accordance with his agreement. In such case the amount which the promisor agrees to pay is his own

debt or obligation, which, by an arrangement with the promisee, he is to pay or discharge in a particular manner; and the parties having by their contract thus treated the third party as primarily interested in its performance, they have recognized him as privy in fact to the consideration and contract, and therefore there can be no hardship in allowing him to enforce it by action in his own name, as the parties to the contract contemplated. But where there is no such fund, debt, or obligation in the hands of or owing from the promisor, but only an executory contract by one person to advance his own money to pay the debts of another, who is a party to neither the contract or consideration, it is difficult to see upon what principle the doctrine can be applied. In such case the contract is not made for the direct benefit of the creditor, but of the promisee, to enable him to obtain money with which to discharge his liability, and, if enforcible at all, it is enforcible by him. The creditors are, of course, indirectly interested in its performance, for, if the contract is complied with, their claims will be paid, and this may be said of any executory contract whereby a debtor expects to receive money with which to pay his debts; but it has never been held, to our knowledge, that such an interest is sufficient to entitle a stranger to maintain an action to enforce the stipulations of the contract.

In this case the contract between the defendant and the Boston Shoe and Leather Company, upon which the action was brought, is not an agreement by the defendant to apply the consideration for property conveyed to it, or money due or to become due from it, to the use of a third person, but an agreement to advance its own funds for the purpose of paying the debts of the leather company, which advance, when made, should be repaid by a certain amount of the capital stock of the leather company, and the cancellation of the subsidy contract. It was, in effect,

an agreement by the defendant to advance to the leather company money with which to pay its debts, and take in satisfaction thereof its stock. If such a contract can be enforced by the plaintiff, then every contract by which one person promises or agrees with another, for a consideration moving from him, to advance money to pay his debts, can be enforced by the parties whose debts were thus to be paid. We do not understand any case to have gone to that extent. If the capital stock referred to in the contract had been in fact sold and transferred to the defendant, and in part consideration therefor it had agreed and promised to pay plaintiff's claim against the leather company, the case would have been within the principle of *Baker* v. *Eglin* and similar cases, as we understand it. But no such sale or transfer was made. In fact, the contract contemplates that the stock was not to be issued or delivered until defendant paid the debts of the leather company with its own funds. The contract is purely executory, and has not been complied with by either party. Its object and purpose was not the direct benefit of the creditors, but to enable the leather company to obtain relief from its liabilities, and the defendant to acquire the ownership of the stock of that company. If the defendant had made the advances and paid the debts as agreed, it would have been entitled to the stock which the leather company contracted to issue and deliver to it. But, not having done so, the breach of the covenant is a question between the defendant and the party with whom it contracted, and not between it and the creditors of such party. The creditors may have had, and no doubt did have, an interest in the performance of the contract, as they would have had in the performance of an agreement by which any person should undertake to lend or advance money to the leather company to enable it to pay its debts, but this is a very different thing from the interest necessary to en-

able them to enforce the contract by actions in their own names. It follows that this action cannot be maintained, and the motion for a nonsuit should have been allowed.

REVERSED.