AFFIRMED.   REHEARING DENIED.

RAND, C. J., and BEAN and BELT, JJ., concur.

---

Argued March 2, affirmed March 13, rehearing denied May 29, 1928.

# FRED SANDGREN ET AL. *v.* CAIN LUMBER CO. ET AL.

(264 Pac. 865.)

**Partnership — Permitting Plaintiffs to File Amended Complaint Alleging Partnership Between Them Held Discretionary (Or. L., § 102).**

1. Where action was originally started in name of F., and complaint was based on two causes of action, one for work and labor in favor of F., and the other in favor of D. and assigned to F., trial court did not, under Section 102, Or. L., abuse its discretion in permitting the filing of an amended complaint alleging a partnership between F. and D.

**Corporations—Defendant, Having Received Property from Corporation, Which by Answer Admitted Its Existence, Could not Object to Admission of Certificate of Incorporation.**

2. Where evidence showed that defendant took over sawmill of co-defendant corporation and agreed and promised to pay its debts, in action against defendant and corporation for work and labor claims, defendant, having received property from the corporation, which by answer admitted its existence, could not object to admission of certificate of incorporation by plaintiffs to prove its incorporation.

**Frauds—Statute of—Promise to Pay Debts of Co-defendant in Consideration of Receiving Debtor's Property is "Original Undertaking" not Within Statute (Statute of Frauds [Or. L. 1920, § 808, subd. 2]).**

3. Where a person receives a fund or property from a debtor and at time he receives the fund he agrees to pay debt of debtor to a third person, who is stranger to the agreement, the stranger for

whose benefit the promise was made may sue promisor, whose promise is an "original undertaking" not within the statute of frauds (Or. L. 1920, § 808, subd. 2).

Contracts, 13 **C. J.**, p. 707, n. 10, p. 776, n. 96.
Corporations, 14 **C. J.**, p. 166, n. 6.
Trial, 38 **Cyc.**, p. 1779, n. 75, 76.

From Clackamas: James U. Campbell, Judge.

Department 1.

This is an appeal from a judgment in favor of plaintiffs. The action was originally started in the name of Fred Sandgren and the complaint was based upon two causes of action, one for work and labor in favor of Fred and the other in favor of Dave Sandgren, his brother, and assigned to Fred. Before trial, and with the court's permission, plaintiff amended his complaint and the complaint as it was amended alleged a partnership between Fred and Dave. The action was tried on the amended complaint. Defendant, Cain Lumber Company, filed an answer admitting the allegations of the amended complaint. Defendant Austin filed an answer denying the material allegations of the complaint and alleged for a further and separate answer:

"This defendant alleges that he has paid to each of the plaintiffs herein every sum and amount that he has ever contracted to pay the several plaintiffs, and that he contracted at no time with the plaintiffs as co-partners, but severally with them."

The alleged errors assigned are thirteen in number. They include the order of the court permitting the filing of the amended complaint, the overruling of the demurrer thereto, the admissions of evidence over the defendant's objections, the giving of certain instruc-

tions and the refusal to give other instructions. The errors based upon the instructions as given and the refusal to give requested instructions all involve the questions raised by the demurrer. This question may be framed thus: Is the defendant Austin liable on his promise to plaintiffs to pay them for their services to defendant, Cain Lumber Company, a corporation, based upon his promise to said corporation to make said payments at the time he received property from said corporation? Affirmed. Rehearing Denied.

For appellants there was a brief and oral argument by *Mr. Jos. E. Hedges.*

For respondents there was a brief over the names of *Messrs. Hodges & Gay* and *Mr. Glenn R. Jack,* with an oral argument by *Mr. C. M. Hodges.*

COSHOW, J.—1. The court did not abuse its discretion by permitting plaintiffs to file their amended complaint: Or. L., § 102; *Zimmerle* v. *Childers,* 67 Or. 465, 470, 471 (136 Pac. 349); *York* v. *Nash,* 42 Or. 321, 327 (71 Pac. 59).

2. For the purpose of proving the incorporation of the defendant Cain Lumber Company, plaintiffs tendered the certificate of incorporation. Defendant Austin objected because that was not the proper method of proving the incorporation of the defendant. We do not believe that defendant is entitled to raise the objection, especially in view of the fact that he received property from that corporation and the corporation itself, by its answer, admits its existence. Whether or not it was duly incorporated is immaterial

to defendant Austin's defense. There is no merit in that objection.

3. Practically all of the other assignments of error are based upon or grow out of the liability of defendant Austin for the debt of his co-defendant to plaintiffs. It is claimed that the complaint charges that defendant Austin undertook to answer for the debt of another and that his promise was not in writing. The law is well settled in this state that where a person receives a fund or property from a debtor and at the time that he receives said fund, agrees to pay the debt of the debtor to a third person, who is a stranger to the agreement, that the stranger for whose benefit the promise is made may 'sue the promisor and that such promise is an original undertaking not within the statute of frauds: *Feldman* v. *McGuire,* 34 Or. 309, 313 (55 Pac. 872); *The Umpqua Valley Bank* v. *Wilson,* 120 Or. 396, 403, 404 (252 Pac. 563), and authorities there cited.

We have carefully examined all of the other assignments of error and find no merit in them. Reading the court's instructions to the jury as a whole, the learned judge was extremely careful to instruct the jury that before plaintiffs could recover they must prove the agreement of Austin to pay the debt its co-defendant owed plaintiffs at the time said Austin received from its co-defendant a fund or property. The instructions are complete and clear. The part thereof upon which defendant Austin bases the error when considered alone is objectionable but taken with its context it clearly states the law applicable to the case at bar. There was evidence from which the jury could infer that defendant Austin took over the sawmill and other property from his co-defendant, Cain Lumber

Company, and at that time agreed and promised to pay the debts and obligations of its co-defendant. The judgment is affirmed.

AFFIRMED.    REHEARING DENIED.

RAND, C. J., and McBRIDE and ROSSMAN, JJ., concur.