Argued October 23, 1929; reversed January 21; rehearing denied
September 16; second petition for rehearing denied
December 2, 1930

# McCARGAR & McKAY v.
# FEDERAL SECURITIES CO.

(284 P. 179, 293 P. 595)

344

*Sanderson Reed* of Portland for appellant.

*L. J. Balbach* of Portland (F. E. Grigsby of Portland on the brief) for respondent.

McBRIDE, J. We have gone to some length in giving the findings in this case, owing to the fact that there is no settled, certified, or allowed bill of exceptions in the transcript. There is a copy of the oral testimony certified to by the reporter and a further undated certificate by the judge to the effect that it is a "full, true and correct transcript of all the testimony given and introduced at the trial."

■■ While the court has been very indulgent in the matter of recognizing as valid very inartificial statements as bills of exceptions, there is nothing here that indicates that the document under consideration was intended either by judge or counsel to serve any purpose beyond that stated in the certificate, namely, a transcript of the testimony. Had it been attached to a bill of exceptions or been certified as being in itself a bill of exceptions, we could consider it, but coming in its present form it must be disregarded, and the case must be tried on the sufficiency of the findings to cover the necessary issues raised by the pleadings. In fact, such seems to be the view of counsel for appellant, whose principal argument is to the effect that plaintiff is entitled to a judgment upon the findings, and, indeed, in our view of the case, the evidence, even if we were disposed to consider it, would add nothing to the strength of plaintiff's case.

From those findings, we gather, that, when plaintiff advanced the money to pay the premiums, it took from Raymond certain negotiable promissory notes payable to plaintiff and executed by the L. G. Raymond Lumber company, a corporation, of which L. G. Raymond was the principal stockholder, president and manager, but wholly distinct from L. G. Raymond Warehouse "B", and which first named corporation was not officially concerned with the dealings between the L. G.

Raymond Warehouse "B" corporation and the defendant, and which is not a party to this action; that before the alleged promise of defendant to pay said premiums, these notes, which were given plaintiff for the payment of these premiums in controversy, were sold and transferred to the Investors Company of Oregon, another corporation, and that the Investors Company of Oregon was the owner and holder of said notes at the commencement of the present action and up to and including the final judgment in this case.

■ It is contended that by the sale of the notes given by the lumber company to plaintiff the McCargar and MacKay corporation put it beyond its power to waive the notes and sue upon the original alleged agreement, and this would probably have been true, had such a defense been pleaded by way of abatement or otherwise,. but no such defense has been pleaded. The defendant stands squarely upon the defense that it never made the agreement. The defense should have been made by a special plea setting up the facts: *Overholt v. Dietz*, 43 Or. 194 (72 P. 695).

Findings of fact VIII, IX, X and XI recited in our statement taken together are to the effect that the receipt recited in finding VIII contained all the terms upon which the policies were to be held, unless findings XII, XIII and XIV modify them so as to render them unintelligible or contradictory.

■ We are of the opinion that the letter set forth in finding XII was broad enough to authorize Koester to agree for his principal to accept the policies as collateral and to bind his principal as between Raymond and the principal to pay the premiums upon the policies. A says to B, if you will assign policies upon your life to me as collateral security for a debt you

owe me, or as security for the performance of a contract with me, I will take them and keep the premiums paid up. Here is a contract with a consideration, but for whose benefit is it made? So far as the findings indicate, it was made, not for the benefit of McCargar and MacKay, or for the benefit of the insurance company. The fact then must have been as the court found it to be, that Koester agreed with Raymond that defendant would pay the debt due from the L. G. Raymond corporation, which had executed the notes to McCargar and MacKay, the amount of these notes representing the first premiums which McCargar and MacKay had paid to the insurance company, and the receipt of the policies, in the absence of testimony, must be taken as expressing the terms upon which it was taken, but like any other receipt it is merely a matter of evidence and other conditions of the assignment may be established by parol.

██ In this case we have a further finding XIV, which states that Koester made an oral agreement with L. G. Raymond, that the defendant would pay the plaintiff herein the premiums on the insurance policies mentioned in the complaint upon said policies being assigned to the defendant as collateral security, and pursuant to such oral agreement said policies were so assigned. This finding may be construed as concluding that the promise recited was the sole inducement that induced the assignment, and that there was a direct stipulation that the premiums were to be paid to plaintiff. It is contradictory to the finding that the promise was not made for the benefit of plaintiff, and which finding was no doubt made by the learned judge who presided at the trial upon the theory that the promise, being oral, was invalid as contravening the statute of frauds.

This court is now fairly committed to the opposite doctrine by the recent case of *Sandgren v. Cain Lumber Co.*, 125 Or. 375 (264 P. 865) and, while previous decisions have not always been entirely uniform, this case settles the doctrine.

The findings being in this condition and not having the advantage of a bill of exceptions, whereby we would be enabled to try the case out on the facts, we think it best to send it back for a new trial whereby defects in the pleadings and omissions in the findings may be remedied and cleared up, and it is so ordered.

ROSSMAN and BROWN, JJ., not sitting.

---

Petition for rehearing denied December 2, 1930.

ON PETITION FOR REHEARING

(293 P. 595)

COSHOW, C. J. ■ A very urgent petition for rehearing has been duly presented. Defendant urges in this petition consideration of its contention that the complaint does not state facts sufficient to constitute a cause of action against it. The former opinion of this court does not discuss that contention. No demurrer was filed to the complaint and for that reason every intendment and logical deduction favors upholding the complaint.

The contention that the complaint does not state facts sufficient may be raised at any time: Or. L., § 72; Oregon Code 1930, § 1-609. As appears from the original opinion this action is based on the claim of plaintiff that an alleged promise was made by defendant to L. G. Raymond Warehouse "B" for the benefit

of plaintiff. The allegation in the complaint relied upon by plaintiff as the foundation for its claims is as follows:

"That on or about the fourth day of March, 1927, the defendant, Federal Securities Company and the said L. G. Raymond Warehouse "B" entered into a contract whereby the said Federal Securities Company did agree to have the said L. G. Raymond Warehouse "B" act for and on behalf of the said Federal Securities Company in the matter of buying and selling lumber, for which purpose the Federal Securities Company as a part of said agreement, promised and agreed to make advances of money to said L. G. Raymond Warehouse "B" to a large extent and thereupon said advances were made and said parties operated under said contract; that in July, 1927, the said L. G. Raymond Warehouse "B" was indebted to said Federal Securities Company for such advances, and it was thereupon further stipulated and agreed between said L. G. Raymond Warehouse "B" and said Federal Securities Company that all of said insurance policies should be turned over to said Federal Securities Company as additional securities for such advances on the condition that said Federal Securities Company would pay the cost thereof, and that said policies should be assigned by the wife of said L. G. Raymond to the said Federal Securities Company and the Federal Securities Company named the beneficiary therein, all in consideration of the Federal Securities Company paying the said sum to said plaintiff, McCargar and MacKay; that the Federal Securities Company did thereupon promise and agree to and with the said L. G. Raymond and Rosetta E. Raymond and L. G. Raymond Warehouse "B" to pay to this plaintiff McCargar and MacKay the said sums of money at the dates and upon the terms hereinbefore set forth to-wit: that is nine hundred and forty-six dollars and ninety-nine cents ($946.99) six (6) months from May fourteenth, 1927, with interest at seven (7) per cent per annum, and one-half or nine hundred and forty-six dollars and ninety-nine cents ($946.99) in one

year from May fourteenth, 1927, with interest at seven (7) per cent per annum that thereupon and in consideration of the above promise of the said Federal Securities Company, the said L. G. Raymond Warehouse "B" did cause the said wife of said Raymond and the said Raymond to assign said policies to the defendant and said insurance company to make said policies payable to the defendant, the Federal Securities Company that on or about the fifteenth day of August, 1927 the said policies of insurance upon the life of said Raymond were delivered to said Federal Securities Company, duly assigned to the said Federal Securities Company as beneficiary and the said Federal Securities Company did accept and receive the same pursuant to said agreement and the said policies ever since have been and now are in the possession of said Federal Securities Company."

The insurance policies were issued to L. G. Raymond and in case of his death were to be payable to his wife. L. G. Raymond is not a party to this action. Plaintiff had advanced the premiums due on said policies amounting to $1,839.98. That sum was to be repaid to plaintiff by said Raymond in two instalments of one-half each, six months and one year from March 14, 1927, and bear interest at the rate of seven per cent per annum. Said Raymond was the owner of a majority of the stock of said corporation, L. G. Raymond Warehouse "B," and conducted the business of said corporation.

Defendant, Federal Securities Company, agreed to have the said L. G. Raymond Warehouse "B" to act for and on behalf of the defendant in the matter of buying and selling lumber "for which purpose the Federal Securities Company as a part of said agreement, promised and agreed to make advances of money to said L. G. Raymond Warehouse "B" to a large extent and thereupon said advances were made and

said parties operated under said contract; that in July, 1927, the said L. G. Raymond Warehouse "B" was indebted to said Federal Securities Company for such advances, * * *."

It was also alleged that it was

"further stipulated and agreed between said L. G. Raymond Warehouse "B" and said Federal Securities Company that all of said insurance policies should be turned over to said Federal Securities Company as additional securities for such advances on the condition that said Federal Securities Company would pay the cost thereof, and that said policies should be assigned by the wife of said L. G. Raymond to the said Federal Securities Company and the Federal Securities Company named the beneficiary therein, all in consideration of the Federal Securities Company paying the said sums to said plaintiff, McCargar and MacKay; that the Federal Securities Company did thereupon promise and agree to and with the said L. G. Raymond and Rosetta E. Raymond and L. G. Raymond Warehouse "B" to pay to this plaintiff McCargar and MacKay the said sums of money at the dates and upon the terms hereinbefore set forth."

Neither Rosetta E. Raymond nor L. G. Raymond Warehouse "B" is a party to this action. It is further alleged that said life insurance policies were assigned as agreed upon to defendant and the policies delivered to defendant and that the defendant accepted and agreed to receive the same pursuant to said agreement. It is not alleged, however, that any property of any kind or description belonging to said L. G. Raymond came into the possession of defendant or that it had at the time of the commencement of this action any money or other property belonging to said L. G. Raymond out of which it should pay the sums of money claimed by plaintiff.

 The ground upon which plaintiff claims a judgment against defendant is based on an equitable foundation. The theory on which one not a party to a contract claims the benefit of that contract is that the promisor for a valuable consideration has agreed to pay to the stranger to the contract the promisor's obligation to the promisee. In the instant case the promisor is defendant. The promisee is the L. G. Raymond Warehouse "B." Defendant owed no obligation either to said L. G. Raymond Warehouse "B" or L. G. Raymond, plaintiff's debtor. On the contrary, L. G. Raymond Warehouse "B" owed an obligation to defendant, the promisor.

 The facts set out in the complaint therefore fail to bring plaintiff and defendant into the relation whereby plaintiff can compel defendant to pay an obligation of said L. G. Raymond to plaintiff. The dealings between defendant were with L. G. Raymond Warehouse "B" and not L. G. Raymond individually. Because of the latter's interest in the L. G. Raymond Warehouse "B" said Raymond and his wife assigned the insurance policies to defendant to secure it for moneys advanced to L. G. Raymond Warehouse "B." The obligation was from L. G. Raymond Warehouse "B" to defendant.

The indebtedness which plaintiff seeks to recover from defendant was owing by L. G. Raymond, not by L. G. Raymond Warehouse "B." The contract between defendant and L. G. Raymond Warehouse "B" and L. G. Raymond and the latter's wife was made primarily to indemnify defendant against loss on account of the money defendant was advancing to L. G. Raymond Warehouse "B."

The complaint does not allege that said insurance policies were of any value, that they had matured, or that defendant had any property of any kind belonging

to L. G. Raymond; consequently the entire effect of the alleged promise of the defendant to pay to plaintiff the sums of money claimed by plaintiff was to answer for the debt of L. G. Raymond. It would be very inequitable to require defendant to pay the debt of said L. G. Raymond when defendant has no property belonging to said L. G. Raymond and has no obligation owing by it to said L. G. Raymond. Equity is the foundation of plaintiff's action. Restatement of the Law of Contracts, § 136, states the principle of law in this language:

"(a) a promise to discharge the promisee's duty creates a duty of the promisor to the creditor beneficiary to perform the promise."

The promisee in this case was L. G. Raymond Warehouse "B," which owed no duty or obligation to plaintiff. The facts stated in the complaint, therefore, do not bring plaintiff within the protection of the beneficiary of a contract between two other persons. Section 140 of the Restatement of the Law of Contracts lays down this principle:

"There can be no * * * creditor beneficiary unless a contract has been formed between a promisor and promisee; and if a contract is conditional, voidable, or unenforceable at the time of its formation, or subsequently ceases to be binding in whole or in part because of impossibility, illegality or the present or prospective failure of the promisee to perform a return promise which was the consideration for the promisor's promise, the right of a * * * creditor beneficiary under the contract is subject to the same limitation."

In the instant case the promisee, in the contract relied upon by plaintiff, could not recover from defendant according to the terms of the contract alleged in the complaint. Plaintiff's debtor, said L. G. Raymond, could not collect anything from defendant, the promisor, because the latter is not under any obligation what-

ever to said L. G. Raymond. According to the statement of the principle of law in said section 140, the promisee could not recover if he shows a present or prospective failure to perform a return promise. Therefore, neither L. G. Raymond nor L. G. Raymond Warehouse "B" could enforce defendant's alleged promise to pay plaintiff and for that reason plaintiff can not recover.

■ This court has established the same principle as the law in this state. The principle of law applicable to cases of this kind is thoroughly discussed in *Washburn v. Investment Co.,* 26 Or. 436, beginning on page 441 (36 P. 533; 38 P. 620). This is the leading case in this state and has been frequently cited with approval.

"The prevailing doctrine in this country undoubtedly is that, where one person, as a consideration or part consideration for an executed contract, promises another, for a consideration moving from him, to pay or discharge some legal obligation or debt due from such other to a third person, the latter, although a stranger to the consideration, and not an immediate party to the contract, may maintain an action thereon, if it was made *directly* and *primarily* for his benefit": *Washburn v. Investment Co.,* 26 Or. 436, 441 (36 P. 533).

The contract under consideration between defendant and L. G. Raymond Warehouse "B" was made primarily for the purpose of indemnifying defendant. It was not made either directly or primarily for the benefit of plaintiff. That contract was not made between defendant and L. G. Raymond, who was the debtor of plaintiff. For that reason the facts stated in the complaint do not bring plaintiff within the principle of law entitling it to recover from defendant.

"After a somewhat exhaustive examination of the question, we have found no case which has gone so far as to hold that such action can be maintained on an executory contract by which one person promises to advance his own money to pay the debts of another,

but, on the contrary, the authorities deny the application of the rule to such a contract: *Garnsey v. Rogers,* 47 N. Y. 233 (7 Am. Rep. 470); *Second National Bank v. Grand Lodge,* 98 U. S. 123; *Pardee v. Treat,* 82 N. Y. 385; *Berry v. Brown,* 107 N. Y. 659 (14 N. E. 289).

"Where one person receives a fund or property from another, and instead of paying him therefor is allowed to retain the consideration under an agreement to pay it to the creditors of the other party; or when it is agreed between the parties to the contract, there being a valuable consideration therefor, that the promisor may discharge his debt or liability to the promisee by paying it to some third person, to whom the promisee owes some legal duty or obligation, it would be just and proper that such third party should have the right to maintain an action on the contract in his own name. * * *

"But where there is no such fund, debt, or obligation in the hands of or owing from the promisor, but only an executory contract by one person to advance his own money to pay the debts of another, who is a party to neither the contract or consideration, it is difficult to see upon what principle the doctrine can be applied. In such case the contract is not made for the direct benefit of the creditor, but of the promisee, to enable him to obtain money with which to discharge his liability, and, if enforcible at all, it is enforcible by him": *Washburn v. Investment Co.,* 26 Or. 436, 442-3 (36 P. 533).

But it is sufficient to say in this connection that the promisee in the contract relied upon by plaintiff is L. G. Raymond Warehouse "B." There was no debt owing from defendant to said promisee. There was no debt owing from defendant to said L. G. Raymond, the debtor of plaintiff, consequently, there was no obligation due from defendant to either L. G. Raymond or L. G. Raymond Warehouse "B," and therefore, no consideration for the alleged promise of defendant to pay the obligation of said L. G. Raymond to plaintiff.

The case of *Washburn v. Investment Co.* is cited with approval in *Phez Co. v. Salem Fruit Union,* 113 Or. 398, 419 (233 P. 547), and *The Home v. Selling,* 91 Or. 428, 437 (179 P. 261, 21 A. L. R. 403), and numerous other cases. The allegations of the complaint are not sufficient to entitle plaintiff to recover from defendant.

14. If there is any obligation of defendant to plaintiff it is an obligation to answer for the debt of said L. G. Raymond to plaintiff. Such an obligation is not enforcible, unless the agreement to pay such debt is in writing and signed by the promisor. The statute of frauds was pleaded by defendant.

Inasmuch as there was no demurrer filed to the complaint we are constrained to deny the petition for rehearing, for it may be that plaintiff can state a cause of action against defendant. If the demurrer had been presented and the defects in the complaint pointed out, plaintiff might have been able to amend his complaint so as to entitle it to recover. For that reason the petition for rehearing is denied.

Enough has been said in this opinion to make clear that plaintiff must allege and prove that the alleged contract on which it relies must have been made for a valuable consideration for the direct and primary benefit of plaintiff. Plaintiff is also informed that under the allegations of the complaint at most it states an agreement of defendant to answer for the debt of said L. G. Raymond. It will be necessary to exhibit a contract in writing to entitle plaintiff to recover.

The costs on appeal will follow the event of the action. Rehearing denied.

BROWN, ROSSMAN and KELLY, JJ., did not participate.

RAND, J., concurs in the result.