Argued November 6; affirmed December 10, 1935

# BARDE ET AL. *v.* PORTLAND NEWS PUBLISHING CO.

(52 P. (2d) 194)

*S. S. Hahn,* of Los Angeles, California, and *Dan E. Powers,* of Portland, for appellant.

*Herbert L. Swett,* of Portland (Dey, Hampson & Nelson, of Portland, on the brief), for respondents.

RAND, J. On December 3, 1921, the plaintiffs leased, for a term of 25 years, certain real premises in the city of Portland to the Telegram Publishing Company, an Oregon corporation. Later, that corporation becoming insolvent, its assets were sold by order of the bankruptcy court to the Portland Telegram, a corporation of which Herbert Fleishhacker and C. H. Brockhagen were the sole stockholders, and, pursuant to such sale, the lease was duly assigned to it. Subsequent to such sale and on August 31, 1927, a supplemental agreement was entered into between the plaintiffs and said Portland Telegram, wherein it was agreed that, except for certain modifications therein stated, the original lease should continue and be binding upon both of said contracting parties.

In May, 1931, Fleishhacker and Brockhagen sold to this defendant all the capital stock of the Portland Telegram and, at the same time and as a part of the same transaction, the Portland Telegram sold and transferred all its assets to the defendant. That sale was evidenced by a contract in writing which was executed by Fleishhacker and Brockhagen, as parties of the first part, by this defendant as party of the second part and by the Portland Telegram as party of the third part. Among other things this contract recited that: "whereas, the second party has agreed to purchase and the first parties and the third parties have agreed to sell, all the capital stock together with all the assets of the Portland Telegram". As part consideration for said transfer and assignment, this defendant expressly covenanted and agreed:

"To assume all liabilities of The Portland Telegram shown on its books of account as of the close of business on May 4, 1931, including taxes, and all liabilities whatsoever of third party and/or first parties under

that certain Indenture of Lease dated December 3, 1931, by and between Rose Barde et al., as lessors, and The Telegram Publishing Company, a corporation, as lessee, and under all assignments thereof and agreements supplementary thereto, which said lease is of that certain building heretofore used and occupied by The Portland Telegram and known and described as No. 421 Washington Street, Portland, Oregon.''

The rent not having been paid as stipulated in the lease, plaintiffs brought an action in the circuit court for Multnomah county to recover the same and, while said action was pending, they later commenced another action to recover the additional rent that had accrued after the commencement of the first action. These two actions were numbered 105,667 and 108,963 respectively and were consolidated and tried together by the court without intervention of a jury. The trial resulted in the entry of a judgment in favor of plaintiffs for the sum of the two amounts claimed and, from this judgment, the defendant has appealed.

In a former action brought by these plaintiffs against this defendant to enforce payment by the defendant under the lease for other rents not now involved, the plaintiffs obtained judgment and, upon an appeal to this court, it was held (see *Barde et al., v. Portland News Pub. Co.,* 145 Or. 376 (26 P. (2d) 787, 28 P. (2d) 216)), that the transactions between the parties above set forth and those which were set forth in greater detail in the opinion in that case amounted to a legal assignment to the defendant of the lease and created between the defendant and the plaintiffs a privity of estate and that, by reason thereof, the defendant was liable to the plaintiffs in that action. On August 1, 1932, the defendant assigned the lease to Louis Groman and thereby terminated the privity

of estate that had theretofore existed between the plaintiffs and the defendant. The rent sued for in the pending actions accrued partly before and partly after the first day of August, 1932.

Because of said decision, the defendant, although appealing from the whole judgment, now states in its brief that that part of the judgment for rent which accrued on and prior to July 31, 1932, shall be affirmed by this court and that the appeal shall be limited to the amount now claimed as rent accruing after July 31, 1932, and it was also admitted upon the argument here that in an action brought in the state of California by plaintiffs against other parties certain sums were recovered for a part of the sums sued for in the present actions and that a stipulation had been entered into between the plaintiffs and the defendant that said sums should be deducted from the amount of the judgment to be finally entered upon this appeal.

The defendant having admitted that the plaintiffs were entitled to an affirmance of the judgment in so far as it covers the rent which accrued up to and including the month of July, 1932, leaves for decision the one question of whether the defendant is liable for the rent after it had reassigned the lease to Groman.

The defendant contends that there can be no liability in the absence of both privity of contract and privity of estate. The plaintiffs contend that this question is settled by the decision in *Barde et al., v. Portland News Pub. Co.*, supra. In that case it was held that, although no actual assignment of the lease to the defendant had ever been made, yet, by operation of law, a legal assignment had resulted from the transactions between the parties, thereby creating a privity of estate and rendering the defendant liable.

The question was not there considered of whether an assignee who had himself reassigned the lease would be liable for rent subsequently accruing, and upon that question no decision was made.

While it is true that the parties in the instant case are the same as in the former action and the two actions grew out of the same lease, yet this action is based upon a different claim and has been brought under a different state of facts. From that, it would seem to follow that, in respect to this particular question, the doctrine of res adjudicata has no application since the causes of action are entirely dissimilar.

■ It is well settled that "an assignee who comes in only in privity of estate is liable only while he continues to be legal assignee; that is, while in possession under the assignment; Bac. Abr. Covenant (14); Woodf. Landl. & T. 261; Viner, Abr.; Washb. R.P.": Bouvier's Law Dict.

Tiffany states the rule thus:

"The assignee of a leasehold interest becomes the tenant in place of his assignor, and is substituted for the latter as regards liabilities arising from privity of estate. Thus, he is liable for the rent reserved in an action of debt, by reason of such privity, without reference to any covenant, and he is liable if he commits waste.

"In case the leasehold is by the assignee reassigned to another, the first assignee is no longer in privity of estate with the landlord, and, consequently, his liability based thereon is terminated." 1 Tiffany, Landlord and Tenant, § 158.

In *Houston v. Barnett*, 90 Or. 94 (175 P. 619), this court stated the rule as follows:

"Notwithstanding the assignment, Barnett as lessee continued liable on the covenants in the lease to pay rent and taxes which accrued subsequent to the assign-

ment. After the transfer the assignee then became liable to the lessors for the rental and taxes, and the lessors at their election could then sue either the lessee or the assignee, or both at the same time, although they could have but one satisfaction. It is well settled that the assignee of a leasehold is personally liable for rent accruing while he retains the leasehold: 16 R. C. L., § 352, and authorities there cited.''

▇▇ We are not unmindful of the ruling in *Moline v. Portland Brewing Co.*, 73 Or. 532 (144 P. 572), which announced a contrary doctrine to that announced in *Houston v. Barnett*, supra. The rule announced in the Moline case is not supported by any authority cited therein and is shown to be incorrect by all the authorities bearing upon the question in the absence of some covenant or agreement upon the part of the assignee to perform the terms and conditions contained in the lease which, of course, would render an assignee liable for rent during the entire term whether in the meantime he had reassigned the lease or not. The true rule and the one applicable under the admitted facts of this case is stated by Tiffany as follows:

''A reassignment by the assignee does not terminate his liability if, on originally taking an assignment of the leasehold, he expressly agreed to perform the covenants of the lease, though such an agreement, if made with the assignor alone, can be enforced by the landlord only in jurisdictions where a third person is entitled to sue on a contract made for his benefit.''

1 Tiffany on Landlord and Tenant, § 158, p. 989.

As said by the annotators in the note to 42 A. L. R., commencing on page 1173:

''* * * it is well settled that an assignee who assumes or agrees to perform the covenants and conditions of the lease generally, and regardless of privity of estate, is liable to the lessor for their performance.''

In the same annotation on page 1176, it is said:

"An assignee who, as part of the consideration of the assignment, assumed all the obligations and liabilities arising under the lease, cannot absolve himself from liability to the lessor for rent by assigning his interest to a third person. Springer v. De Wolf (1901) 194 Ill. 218, 56 L. R. A. 465, 88 Am. St. Rep. 155, 62 N. E. 542."

See also the annotation appearing in 89 A. L. R., at page 433, and the annotation appearing in 95 A. L. R., commencing on page 379.

■ Hence, the only question remaining for decision is: Are the plaintiffs, who were not parties to the agreement of May, 1931, entitled to maintain an action against the defendant to recover the rent which the defendant contracted and agreed to pay as a part consideration for the transfer to it of the assets of the Portland Telegram?

Upon this question and under the facts stipulated, there can be no doubt under the former decisions of this court but that the plaintiffs do possess such right. In *Feldman v. McGuire,* 34 Or. 309 (55 P. 872), the facts were that one Nicolai, who was indebted to Feldman, transferred to the defendant McGuire certain real property in consideration of McGuire's promise to pay Nicolai's debts to the owners and holders thereof, of whom, as stated, Feldman was one. Feldman brought an action against McGuire to recover the amount owing him by Nicolai. In passing upon the question of the right of Feldman to sue McGuire, this court, speaking through Mr. Chief Justice WOLVERTON, said:

"* * * The law may now be regarded as well settled in this state that where a person has received from another some fund, property, or thing in consideration of which he has made a promise or entered into an undertaking with such other, but directly and primarily for the benefit of a third, such third party

may maintain an action directly upon such promise or undertaking so made and entered into for his benefit, although not a party to the transaction. In such case the third party acquires an equitable interest in the property, fund, or thing; and the law, acting upon the relationship of the parties and their treatment of the fund, establishes the requisite privity, creates a duty, and implies a promise which will support the action; Parker v. Jeffery, 26 Or. 186 (37 P. 712); Washburn v. Investment Co., 26 Or. 436 (36 P. 533, and 38 P. 620); Brower Lumber Co. v. Miller, 28 Or. 565 (52 Am. St. Rep. 807, 43 P. 659); First Nat. Bank v. Hovey, 34 Or. 162 (55 P. 535). These cases define the scope and illustrate the application of the rule giving the action, which was established by the earlier cases of Baker v. Eglin, 11 Or. 333 (8 P. 280); Hughes v. Oregon Ry. & Nav. Co., 11 Or. 437 (5 P. 206); Schneider v. White, 12 Or. 503 (8 P. 652); and Chrisman v. Insurance Co., 16 Or. 283 (18 P. 466)."

Again, in *Sandgren v. Cain Lumber Co.*, 125 Or. 375 (264 P. 865), this court, speaking through Mr. Justice Coshow, said:

"* * * The law is well settled in this state that where a person receives a fund or property from a debtor and at the time that he receives said fund, agrees to pay the debt of the debtor to a third person, who is a stranger to the agreement, the stranger for whose benefit the promise is made may sue the promisor and that such promise is an original undertaking not within the statute of frauds: Feldman v. McGuire, 34 Or. 309, 313 (55 P. 872); The Umpqua Valley Bank v. Wilson, 120 Or. 396, 403, 404 (252 P. 563), and authorities there cited."

Holding to the same effect, see *McCargar & McKay v. Federal Securities Co.*, 134 Or. 342 (284 P. 179, 293 P. 595).

Again, in *Weinhard v. R. R. Thompson Estate Co.*, 242 Fed. 315, Mr. Justice Wolverton, as judge of the

District Court for the District of Oregon, affirmed the same doctrine in this language:

"It is very true, as counsel for defendant contends, that where there is only an executory contract entered into between two parties, whereby one of the parties, for a consideration moving from the other, agrees to pay the debt of a third, the third party has no right of action against the promisor. Washburn v. Investment Co., 26 Or. 436, 36 P. 533, 38 P. 620; Brower Lumber Co. v. Miller, 28 Or. 565, 43 P. 659, 52 Am. St. Rep. 807. But it is settled law now in this state that, where a person has received from another some fund, property, or thing, in consideration of which he has made a promise or entered into an undertaking with such other, but primarily and directly for the benefit of a third, such third party may maintain an action directly upon such promise or undertaking so made and entered into for his benefit, although not a party to the transaction.

" 'In such case', as was said in Feldman v. McGuire, 34 Or. 309, 55 P. 872, 'the third party acquires an equitable interest in the property, fund, or thing; and the law, acting upon the relationship of the parties and their treatment of the fund, establishes the requisite privity, creates a duty, and implies a promise which will support the action.'

"The doctrine has been treated of as well in the two cases first above cited, and in Parker v. Jeffery, 26 Or. 186, 37 P. 712, and Kiernan v. Kratz, 42 Or. 474, 69 P. 1027, 70 P. 506, and there has been no modification of it that I am aware of in recent years."

The specific assumption by the defendant of all liabilities under the lease of Fleishhacker, Brockhagen and the Portland Telegram, accompanied as it was by the defendant's receipt of the capital stock and assets of the Portland Telegram, in part consideration of its said promise to assume such liabilities, brings the case within the operation of the rule announced in the foregoing Oregon cases and makes the defendant liable for

the payment of the rent and entitles the plaintiffs, although strangers to the contract, to maintain an action therefor.

For these reasons, we are compelled to affirm the judgment, but in view of the stipulations of the parties that certain sums are to be credited thereon, the amount of which is unknown to us, the judgment will be affirmed only for the amount which will then remain. The cause, therefore, will be remanded to the lower court with directions to enter a judgment in favor of the plaintiffs in accordance with said stipulations; and it is so ordered.